## E. J. IGLEHART v. J. W. MOORE.

The maker of a negotiable note, while current, cannot, as a general rule, be charged in garnishment.

The maker of a negtiable note is the debtor, not of the payee of the note, bur of the owner or holder at maturity ; and no judgment should be rendered against a garnishee, where he answers fully, unless it would be available to him as a defence against any action brought for the same debt, and this whether the note has been transferred or not before service of the garnishment

Where a note given by a garnishee has been assigned, the garnishee should not be exposed to the hazard of a double judgment, but upon his prayer to that effect the assignee should be cited to appear and interplead, and have their rights adjusted.

Error from Anderson. Tried below before Hon. J. H. Reagan.

The defendant in error, Moore, who had previously obtained a judgment against one Samuel M. Dalton, garnisheed the plaintiff in error, Iglehart, upon the usual affidavit. Iglehart answered, stating that Sam. Mills was at the time of the service of the garnishment the holder of a certain note given by him, and the amount of which the defendant in error was seeking to subject to his judgment, and prayed that Mills be made a party, in order that the rights of both the claimants might be adjudicated. It further stated, that the note was made payable to Mrs. Sarah Washington, or bearer. He prayed that said Mills be made a party to the suit, &c. The Court refused to make Mills a party, and upon the answer of Iglehart gave judgment in favor of Moore against him.

*J. E. Cravens*, for plaintiff in error.

*Howell*, for defendant in error.

HEMPHILL, CH. J.   The answer of the garnishee discloses in substance, two defences :

1st. That the debt due from him to Dalton, the defendant in execution, was by negotiable note not due, and which in fact was transferred to Sam. Mills before the service of the garnishment.

2d. That Sam. Mills had a claim to the debt, of which the garnishee had notice before the service of the writ ; and that Mills should be cited to interplead with the plaintiff, and the garnishee be protected from further litigation, &c.

That the maker of a negotiable note, while current, cannot as a general rule be charged in garnishment is a rule recog-nized by the great mass of judicial decisions, and is supported by the principles at the foundation of the garnishee's liability. Among these are the following : That the attachment plaintiff can (generally) hold the garnishee responsible only so far as the defendant might hold him in an action of law ; that the garnishee cannot be placed by the garnishment in a worse condition than he would otherwise be, and that no judgment should be rendered against a garnishee when he answers fully, unless it would be available to him as a defence against any action brought for the same debt.   (Drake on Attachment, Sec, 578.)   The maker of a negotiable note is the debtor, not of the payee of the note, but of the owner or holder at matu-rity.   He may not know who this is until presented for pay-ment, and on principle he cannot be charged as the debtor of the payee, or any intermediate holder before the note falls due. (Wybrant v. Rice & Nichols, 3 Tex. R. 458.)   In this case, the garnishee was apprised of the transfer of the note before the service of the garnishment ; but his defence, on the ground of the negotiability of the note, would have been available whether it had been transferred or not ; or whether he did or did not have knowledge of such transfer.

His statement throws some shade of doubt upon the date of the note.   The original note for two hundred and fifty dollars

is dated on its face 11th November, 1856. The garnishee in his answer states the date to be the 16th December, 1856, which was the day next after the service of the garnishment, but he avers facts repugnant to this statement.

He alleges that on the same day, and a short time before the service of the garnishment, the note was presented to him by Sam. Mills, through his Clerk, notifying him that he was the holder of the note. This fixes the execution of the note on the same day, but prior to the service of the writ.

The note, as originally given, was for two hundred and fifty dollars, the maker to be allowed credit for claim against Dalton in the sum of one hundred dollars. The allowance of this credit by Dalton, after the service of the garnishment, and also a further credit of thirty-five dollars, which should have been deducted at the time the note was given, and the taking a new note for the balance, viz : the sum of one hundred and fifteen dollars, cannot materially vary the transaction.

The original note was on its face subject to a deduction of one hundred dollars, and if Mills assented to the correction of the mistake, and to a further reduction, this would not affect his right of property in the new note. Both were made to the same payee ; and whether Mills held the first note reduced by its credits, or took another for the balance due, is of no consequence and cannot vary the rights of the parties. The assent of Mills to the transaction must be presumed. He, and none other, had the right to object. His possession of the instrument was in the same right, and was continuous from its inception.

The answer was not contested, and its statements admitted as true were, it would seem, sufficient to have discharged the garnishee.

But if there could be a doubt that the note was not executed until after the garnishment, there is none of the previous transfer by Dalton of the claim or debt to Mills ; and as

both Mills and plaintiff in execution were claiming the same
debt from the garnishee, he had a right to protection from the
hazard of a double judgment, and the Court should have
granted his prayer to the effect that Mills, a citizen of the
county where the suit was pending, be cited to appear and in-
terplead with the plaintiff; and by a bill of exceptions it ap-
pears that he offered in open Court, if Mills were made a
party, to pay the amount into Court to be disposed of as the
Court might see fit.

The attorney of the appellant has been very successful in
showing, that under the rules of our system of procedure
Mills should have been made a party, and that it was within
the competency of the Court to have made him a party; that
the law abhors a multiplicity of suits, and that parties inter-
ested may either intervene or be cited, and have their rights
adjudicated in one action. (2 Tex. R. 428; 6 Tex. R. 435;
2 Tex. R. 397; 16 Tex. R. 408-9.)   And that in systems
where law and equity are separate, the garnishee might have
filed a bill of interpleader, requiring these to have their rights
to the money settled by a decree, &c.; citing from 2 Story's
Eq., (Sec. 806,) &c.

It is very probable that in many of the States there is pro-
vision, that one claiming as assignee should be cited into Court
and required to substantiate his assignment.   (Drake on At-
tachment, Sec. 573.)   No such provision exists in our Statutes,
nor was there necessity for it.   On the general principles of
our system of procedure the assignee should be brought in,
that the rights of the respective claimants be adjusted in one
action.   The fact that the garnishee owes a debt to some one
should not expose him to the assaults of all who pretend a
right.   The fact of the ownership of the claim is one in which
he has no interest.   This should be settled between the par-
ties, that he may know to whom he owes the obligation.   The
application to have the assignee cited cannot be refused with-

out departure from the ordinary and fundamental rules of our system of practice. In similar cases we have ruled that there was error in not bringing in the assignee, and that the claimants must appear and have their claims passed upon by the Court.

In Dobbin v. Wybrants, (3 Tex. R. 457,) it was held that where a party was sued by the holder of a negotiable promissory note, and pleaded that judgment had been rendered against him on a garnishee process, in a suit against the payee of the note, the plaintiff in that judgment should be made a party, and the collection on the judgment enjoined, until it is ascertained to whom the debt is really due.

In Westmoreland v. Miller, (8 Tex. R. 168,) judgment was obtained against a debtor as garnishee, and being afterwards sued by the original creditor, held, that he was entitled to have the plaintiff in the garnishment made a party to the suit, and to have a judgment which would protect him against being required to pay the debt twice. (See also 6 Tex. R. 303 ; 14 Tex. R. 538.)

We are of opinion that on the first ground, namely : that the debt from the garnishee to Dalton was by a current negotiable note, and which had been put into circulation before the service of the garnishment, the plaintiff in error was entitled to his discharge, and it is ordered that the judgment be reversed and a judgment entered dismissing the garnishee with his costs against the defendant in error.

Reversed and remanded.