## J. F. ROCHELLE ET AL. v. PACIFIC EXPRESS COMPANY ET AL.

### Decided May 20, 1909.

**1.—Interpleader—Reward—Conflicting Claimants.**

Where several persons residing in different counties laid claim to a reward offered for the detection and conviction of a criminal and brought or threatened suit therefor, the offerer of the reward could maintain action in the nature of a bill of interpleader, in any court having jurisdiction, depositing the reward in court and requiring the claimants to litigate their rights thereto.

**2.—Same—Prior Suit—Injunction—Abatement.**

Plaintiff, interpleading several claimants to a reward to determine to which it was payable, was not deprived of his right to select the court in which to maintain the action, out of several which might have jurisdiction, by the fact that one claimant had already instituted suit in another court to recover it. He was not required to interplead them in that action; could enjoin the prosecution of that suit in order that the matter be determined in his action of interpleader; and the pendency of such suit against him could not be urged in abatement of his action.

**3.—Same—Jurisdiction—Parties.**

To an action against the offerer of a reward by one claiming to have acquired a right thereto other persons claiming a right to the same reward were neither proper nor necessary parties. The right to require them to interplead was not such plaintiff's, but was that of the defendant in danger of a double recovery against him, to be asserted ordinarily by original proceeding brought in such court having jurisdiction as he might select; it was a different cause of action from that brought by the one claimant against him, and not subject to abatement by reason of the pendency of the latter suit.

**4.—Interpleader—Action for Reward—Amount Claimed.**

It is no objection to the right to compel adverse claimants of a reward to interplead that one claims less than the entire reward.

**5.—Pleading—Verification.**

Pleading and affidavit held to negative any collusion by one bringing a bill of interpleader with either of the parties it sought to interplead.

**6.—Reward—Arrest and Conviction of Each Offender.**

A reward of $1,000 offered for the arrest and conviction of "each" of the perpetrators of a crime which it states to have been committed by two persons, is not an undertaking to pay $2,000 on the conviction of one person as the sole perpetrator.

**7.—Reward—Apportionment.**

Where several persons claim the reward offered for the arrest and conviction of a criminal, and each is shown to have done some part of the things which lead to that result, none doing all of them, a judgment apportioning the reward

equally among the several claimants is equivalent to a finding that no one has done all that was necessary to entitle him to the reward, and is one of which only the party paying the reward can complain.

**8.—Interpleader—Stakeholder—Attorney's Fees.**

The offerer of a reward who interpleads rival claimants thereof, paying the money into court, is entitled to an allowance out of the fund for attorney's fees.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

The terms of the reward offered were as follows:

### "$2,000.00 REWARD.

"On the night of December 1, 1906, at or near Red Water, Texas, the joint Express Messenger and Train Baggageman on Saint Louis Southwestern Railway train No. 4, was murderously assaulted and robbed by two unknown men.

"The Saint Louis Southwestern Railway Company and the Pacific Express Company will jointly pay a reward of $1,000.00 each for the arrest and conviction of the guilty person or persons."

*Smelser & Vaughan,* for appellants Rochelle, Trainer and Goforth.— The reward offered was two thousand ($2,000) dollars and not one thousand ($1,000) dollars, and these defendants were entitled to recover two thousand ($2,000) dollars besides the ten percent of the money recovered.

The proof showed that W. I. Goforth and J. E. Trainer arrested the said P. E. Tabor in the city of San Antonio, on the 21st day of December, 1906, without any warrant for his arrest, at the request of J. F. Rochelle, under such circumstances as authorized them to arrest him, though they were under no duty to do so, and that they then found on the person of the said P. E. Tabor a part of the money that said Tabor obtained from the said W. J. Grissett by means of said robbery, and that they took the said P. E. Tabor and stolen money into their custody; and that they arrested and caused the conviction of the said P. E. Tabor, and that they and they alone, or they and the said J. F. Rochelle alone, are entitled to the reward. Morris v. Kasling, 79 Texas, 141; Adair v. Cooper, 25 Texas, 551; 24 Am. & Eng. Ency. Law, 958-959; Elkhorn Valley Lodge v. Hudson, 59 Neb., 672; Lovejoy v. Atchison, etc., Ry., 53 Mo. App., 391; 26 Am. Rep., 9, and note; Burke v. Wells-Fargo & Co., 50 Cal., 218; Austin v. Milwaukee Co., 24 Wis., 278; 24 Am. & Eng. Ency. Law, 948, 949, 955, 956, 957.

Ramsey is not entitled to a part of the reward for merely informing the agents of the plaintiffs that Tabor was in San Antonio, and afterwards pointing him out to the parties who arrested him, thereby enabling them to arrest him, there being no promise on their part to him of a share of the reward. Strand v. Garrison, 24 Ark., 53.

The court erred in allowing and taxing as a part of the costs in this case an attorney's fee of one hundred and fifty ($150) dollars in favor of the plaintiffs herein, because under the evidence the plaintiffs were

not entitled to an attorney's fee, because they did not tender into court the amount of the reward they offered, and they litigated with defendants over the amount thereof. 23 Cyc., 30, 33, 34; Patterson v. Seeton, 19 Texas Civ. App., 430; Moursund v. Priess, 84 Texas, 554; Kelley v. Gibbs, 84 Texas, 143.

*Allan D. Sanford,* for appellant Tilley.—In interpleader the bill of complaint must be accompanied by an affidavit of the plaintiff stating that the suit is not brought in collusion with either of the defendants, and the omission of such affidavit is fatal to the bill. Storey's Equity Pleading, sec. 291; Ammendale Norm. Inst. v. Anderson, 71 Md., 128; Home L. Ins. Co. v. Caulk Bros., 86 Md., 385; Blue v. Watson, 59 Miss., 619; Shaw v. Coster, 8 Paige Ch., 339, 35 Am. Dec., 690; Hamilton v. Marks, 5 De Gex & S., 638; Farley v. Blood, 30 N. H., 354; Atkinson v. Manks, 1 Cow., 691; Beck v. Stephani, 9 How. Pr., 193; Mt. Holly, etc., Co. v. Ferree, 17 N. J. Eq., 117; Tyus v. Rust, 37 Ga., 574, 95 Am. Dec., 365; Snodgrass v. Butler, 54 Miss., 45; Starling v. Brown, 7 Bush., 164; Biggs v. Kouns, 7 Dana, 405, 411.

In order to maintain the remedy of interpleader it is essential that the plaintiff shall be a purely disinterested stakeholder and there shall not be any controversy whatever between the plaintiff and the claimants or any one of them; that the thing, debt or duty held or owed by the plaintiff must be identical with that claimed by the claimants. As soon as the order to interplead is made the plaintiff must be wholly without the controversy. 5 Pomeroy's Equity Jurisprudence, secs. 48, 60; 2 Daniel's Chancery Practice, 1561-71; Story, Eq. Pl., secs. 291-297; Aleck v. Jackson, 49 N. J. Eq., 507; Shaw v. Coster, 8 Paige, 339, 35 Am. Dec., 690; Adams v. Dickson, 19 Ga., 513, 65 Am. Dec., 608; Wing v. Spaulding, 64 Vt., 83; Crass v. Memphis & C. R. R. Co., 96 Ala., 447; Chase v. Ladd, 155 Mass., 417; Holland Trust Co. v. Sutherland, 177 N. Y., 327; Killian v. Ebbinghaus, 110 U. S., 568. See also numerous other authorities cited in note 31 to section 48 of Pomeroy's Equity Jurisprudence above cited.

The District Court of McLennan County acquired jurisdiction of the said subject matter previous to the filing of this suit, and so acquired and now has jurisdiction of all of the said parties, and has full power and jurisdiction to determine all the matters in issue between the said parties. Rev. Stats. of Texas, art. 1194, subd. 25; Nixon v. Malone, 95 S. W., 577; Nixon v. Malone, 100 Texas, 250.

*Terrell & Robison,* for appellant Ramsey.—The court erred in awarding the defendants Rochelle, Tilley, Trayner and Goforth any portion of the money in controversy in this cause, because the uncontradicted evidence in the case shows that neither one of the said defendants were instrumental in any way in the arrest and conviction of the party for whom the reward was offered. Stone v. Wickliffe, 50 S. W., 44; Elkhorn Valley Lodge v. Hudson, 81 N. W., 859; Crawshaw v. City of Roxbury, 7 Gray, 374; Symmes v. Frazier, 6 Tyng (Mass.), 344; Besse v. Dyer, 9 Allen, 151.

A peace officer acting in his official capacity is not entitled to recover a reward offered for the arrest and conviction of an offender for whom

a reward has been offered. Morris v. Rasling, 79 Texas, 141; Hogan v. Stophlet, 53 N. E., 604; St. Louis, I. M. & S. Ry. Co. v. Grafton, 11 S. W., 702; Blain v. Pacific Exp. Co., 6 S. W., 676; Lees v. Colgan, 120 Cal., 262.

To entitle one to a reward for the arrest and conviction of an offender, it is not necessary that he should personally and alone make the arrest, he being entitled to the assistance of the arresting officers of the county. Stone v. Wickliffe, 50 S. W., 44; Crawshaw v. City of Roxbury, 7 Gray, 347; Symmes v. Frazier, 6 Tyng, ——; Besse v. Dyer, 9 Allen, 151.

In the absence of proof of concerted action among the claimants of a reward for the arrest and conviction of an offender in earning the same, the reward should be awarded to the party locating the offender and aiding in his arrest. Elkhorn Valley Lodge v. Hudson, 81 N. W., 859; Janvrin v. Exeter, 48 N. H., 86; Crawshaw v. City of Roxbury, 7 Gray, 374.

*Glass, Estes & King,* for appellees.—The only offer of reward made in this case shows that only the sum of one thousand dollars is recoverable in this case by any of the claimants, and that the demand for more than that amount was insufficient in law. 24 Ency. of Law, 941, 946, 948; Washburn v. Humphreys, 35 N. C., 88; Juniata County v. McDonald, 122 Pa. St., 115.

The appellees did tender into court the amount of the reward they offered. They disclaimed absolutely any interest in the disposition of same or any preference between the parties. They were entitled to reasonable attorney's fees, and the amount allowed by the court in this case was shown by the testimony to be reasonable. 1 Pomeroy's Equitable Remedies, secs. 38, 60.

The petition negatived the idea of collusion and disclaimed any interest in the outcome of the litigation. It was duly and in the form required by the statute verified. McIlwaine's Digest, art. 2989-2992; Sannover v. Jacobson, 47 Ark., 31.

The District Court of McLennan County, in the event the consent of the various defendants for the suit to be tried in McLennan County was withheld, was without jurisdiction to hear and conclude the interest of all parties to this controversy. But even if it could force them to come in and have the matter litigated and adjudicated there, that fact would not interfere with the right of these appellees to bring a separate suit in Bowie County and try the issues here. Red River S. & W. Ry. Co. v. Blount, 3 Texas Civ. App., 282; Texas & P. Ry. Co. v. Edmisson, 52 S. W., 636; Nixon v. Malone, 100 Texas, 260; McIlwaine's Digest, art. 2989, subd. 2.

LEVY, ASSOCIATE JUSTICE.—On the night of December 1, 1906, W. J. Grissett, the joint express messenger and baggageman for the Pacific Express Company and the St. Louis Southwestern Railway Company of Texas, was murderously assaulted and robbed at Redwater, Texas, while performing the duties of his employment; and immediately thereafter, the offending person or persons being unknown,

said companies, appellees here, jointly and in writing publicly offered a reward for the arrest and conviction of the person or persons guilty of said robbery. Thereafter one P. E. Tabor, being the sole offender, was arrested for the offense, and duly and legally convicted thereof in the District Court of Bowie County, Texas, and sentenced to the penitentiary for life; which judgment, on appeal to the Court of Criminal Appeals, was affirmed. Each appellant, residing in different counties of Texas, claiming to be the party entitled to the reward offered, made claim for the same. The appellees, to prevent the hazard of several suits for the same demand by the several separate claimants, and admitting that they owed the reward to the party or parties who apprehended, arrested and convicted the said P. E. Tabor, filed their petition, in the nature of a bill of interpleader, in the District Court of Bowie County, Texas, tendering into court what they claimed to be the amount of the reward offered, alleging that they had no interest in the amount beyond their desire to pay same to the proper party and not to have to pay the same but once, they being unable to determine which of the defendants claimed rightfully. The defendants in the case being cited, each appeared and answered, setting up their respective rights. The case was tried before the court without a jury, and judgment was entered that each defendant recover equally the amount of the reward tendered into court. All the defendants appeal from the judgment and seek to have the same revised for errors assigned.

*After stating the case.*—We will first consider the appellant Tilley's third and fourth assignments, wherein it is contended by him that the court erred in not sustaining his plea in abatement of this suit. As seeking to abate the instant case this appellant plead and proved, as plead by appellees in their petition, that prior to the filing of the instant case he had instituted a suit in the District Court of McLennan County, wherein he sought to recover of the appellees herein on account of the offer of the reward, which is the basis of the subject matter of the instant suit, and to have adjudicated the rights of the other appellants in the said reward, with the exception of that portion of the reward offered for the recovery of certain stolen money. It was shown that each defendant in the suit was served with citation, and that the suit was pending undetermined at the time injunction in the instant case, which was prayed for, was issued and served, and at the time of the trial of this case; but it does not appear that answers were filed in the suit by any of the defendants. We do not think the court erred in overruling the plea in abatement. The action by appellees in this case, which is sought by this appellant to be abated, is in the nature of a bill of interpleader. The equitable remedy of interpleader is recognized and allowable, in the proper case, in this State. Williams v. Wright, 20 Texas, 500; Iglehart v. Moore, 21 Texas, 501; Foy v. East Dallas Bank, 28 S. W., 137. It is quite certain, and unnecessary to cite authority, that an action for interpleader is proper where, as in this case, a reward has been publicly offered to any one of the general public who will furnish evidence to secure the arrest and conviction of an unknown offender, and several persons separately, and each residing

in different counties; claim to have furnished the evidence and to be
entitled to the same reward. The appellees' petition alleged all the
requisites entitling them to the remedy. 5 Pomeroy Eq. Jur., sec. 58.
Having determined that the remedy, which it is purely, of interpleader
was allowable to appellees, and that the instant case was a proper one
for interpleader, was it incumbent upon appellees to interplead all the
parties in the suit in McLennan County? In the light of the principle
allowing the remedy, and the practice in respect thereto, of interpleader,
it would seem to be the right of the complainant in proper and sea-
sonable time to select the proper forum having jurisdiction of all the
parties and the amount, to file his interpleader, as was done by appellees
in this case. According to the rules laid down, the proceeding is ordi-
narily commenced by original bill, and not cross-bill. In the absence
of a prescribed procedure by statute, the equity practice is followed.
The bill is allowed to be filed after a suit by a claimant has been in-
stituted, and it is no valid objection to the bill merely that another
suit is pending in which complainant is defendant. The object of the
proceeding is to protect the complainant, and not the parties who claim
the right of him, "from the vexation attending upon the suits which
are or may be instituted against him." 5 Pomeroy Eq. Jur., sec. 39;
Williams v. Wright, supra, at 503. The remedy of interpleader is al-
lowed as a substantial right to the complaint, and he can seek the
proper forum, to the end that in one principal action claimants might
settle the contest among themselves, and not with him. He can enjoin
pending suits against him, and thereby abate such suits pending the
determination of his suit in interpleader. It is recognized, as an ex-
ception to the general rule, that it is orderly and allowable to inter-
fere by injunction with proceedings in another court against com-
plainant for the same debt, fund or duty, because of the peculiar na-
ture of such actions and the necessity of drawing the entire litigation
into the one principal action. 1 High on Injunctions, sec. 53; West-
moreland v. Miller, 8 Texas, 169. If he can abate pending suits by
injunction it is in proper reason because of the fact that the bill of
interpleader becomes the principal action between the parties. It fol-
lows, we think, that appellees had the right to select the proper forum
in which to file their bill, and that they did so in seasonable time.
Appellees having the right, as we think they did, to file an original
bill of interpleader, and the District Court of Bowie County having
full jurisdiction of the amount and the parties, under subdivision 4
of article 1194 Revised Statutes, it was not a sufficient ground to abate
the instant suit because it was permissible, if it were, to interplead all
the parties in the suit in McLennan County. Appellees in their bill
alleged that the District Court of McLennan County was "without
jurisdiction to hear and determine the rights of all parties hereto, and
that some of the said defendants will file, if they have not already
done so, a plea of privilege to be sued in their own county, and that
said plea of privilege under the laws of Texas will be good and be sus-
tained, and the rights of defendants so pleading will not be and can
not be adjudicated and determined and concluded in said suit." Ac-
cording to the allegations in Tilley's petition, none of these appellants
resided in McLennan County. Tilley's suit, by his petition, stood in

the legal attitude of being an action for debt by him, and not a suit for specific property against appellees. He claimed the whole of the reward, except for the recovery of the money, and alleged that the appellants, besides himself, had no claim thereto. Therefore in his suit for debt the other appellants herein, having no joint or equal interest in Tilley's debt, were neither necessary nor proper parties to the suit. Being neither necessary nor proper parties to his suit, the District Court of McLennan County, as against their plea, was without jurisdiction to conclude the appellants in the controversy as plead by Tilley. If the District Court of McLennan County was without jurisdiction over the appellants, then the appellees' allegation was true. One of the recognized grounds of jurisdiction for injunction in a suit of this nature, where several separate claimants sue or threaten suit for the debt or duty, is, as we quote from School Dist. No. 1 of G. H. v. Weston, 31 Mich., 86, "the danger of being harassed with two suits for the same demand." The pending of a prior suit will not abate the second if the first be so defective that the second is necessary to secure the demand. Langham v. Thomason, 5 Texas, 127. The instant case became and was a different action from Tilley's suit. Here the controversy was not an action for debt against appellees, but, the money being in court, it became a claim of ownership and possession, or possessory action, to a specific fund between the claimants. The appellant Tilley was properly restrained in the premises from prosecuting his suit in McLennan County.

The objection by the appellant Tilley that there is not identity in the claim in his suit and the instant case is without merit. The amount of the reward is the basis of action in both cases. The identity of the subject matter, therefore, is sufficiently certain as to the reward for the arrest and conviction. It is no valid objection to the bill of interpleader, that a particular claimant claims less of the particular funds than the whole amount tendered into court.

The appellant Tilley directed special exceptions to the appellees' petition, which were by the court overruled; and he complains of this ruling of the court in the second assignment of error. The complainant's petition, which was sworn to, sufficiently negatives, we think, any collusion with the defendants, or any of them, and the court did not err in overruling the exceptions. The jurat, which will be understood as referring to the facts stated in the bill, stated that the facts were true.

All the appellants contend, under proper assignments of error, that the court erred in construing the written offer of reward by appellees. We are of the opinion that the word "each" in the offer relates and refers to the "guilty person or persons," and that the court did not err.

The appellants, by appropriate assignments, contend that the court erred in apportioning the sum of money tendered into court by the appellees equally among the claimants. The pleadings of the several claimants, except Rochelle, Traynor and Goforth, who answered jointly, assert that they acted for themselves and independant of any and all other persons, and claim the full amount of money. There are no findings of fact by the court in the record.

The offer of reward was for the arrest and conviction of the offender, and was not by its terms apportionable. To entitle either claimant to recover, he must show that he substantially met the terms of the offer and is entitled to the sum of money, or that they, acting in concert or together, accomplished the purposes of reward and earned the money. The evidence entirely supports the allegations and contentions of appellants (treating, as it were, Rochelle, Traynor and Goforth, because of their joint answer and contention, as one appellant), and which we find as a fact, that there was no previous agreement between the claimants to act in concert or together to accomplish the purposes of the reward and earn the money, and that they did not do so. In the view of appellants' contention and the above finding from the record we assume, to support the court's findings involved in the decree, that the court did not rest the decree on such ground. The court found that each claimant was equally entitled to the money. In such finding by the court there is necessarily involved, from the record, the further finding, to support the decree, that the terms of the offer were not met and the purposes of the offer of reward were not accomplished and the money earned by any claimant. There is support in the record for such finding of fact by the trial court, and which we adopt, and we are not authorized to say, from the record, as a matter of law, that any one claimant met the terms of the offer of the reward. From the finding of fact that the claimants did not by previous agreement or concert of action accomplish together the purposes of the reward, and the further finding, as is involved in the finding by the trial court, that no claimant met the terms and accomplished the purposes of the offer of reward, it follows that appellants' assignment complaining of the apportionment must be overruled. Appellees could more forcibly complain of the decree, in such findings, that appellants were allowed a recovery of the funds; but as they do not complain, but by not complaining acquiesce in the decree, the appellants can not complain that they each received a part of the fund. Neither can the appellants, in the premises and findings, complain of the allowance to appellees of attorney's fees out of the fund.

If the court, finding that the claimants were not acting together and that no claimant met the terms of the offer, but further finding that each claimant furnished some information of independent facts, but not enough to earn the reward, and awarded to each appellant an equal amount of the fund in his hands, the appellees not complaining here or below, the appellants are not in position to complain of such award or apportionment.

The judgment was ordered affirmed.

*Affirmed.*