PULKRABECK v. GRIFFITH & GRIFFITH. (No. 7385.)

(Court of Civil Appeals of Texas. Dallas. June 19, 1915. Rehearing Denied Oct. 16, 1915.)

1. INTERPLEADER ⊘⟶23—GROUNDS—PARTIALITY OF STAKEHOLDER.

In an action against brokers who employed plaintiff to assist them in selling farm lands in a certain county, they alleged that they had made a similar agreement with H., that on a certain sale a commission was due either plaintiff or H., and that according to their informa-

tion and belief H. was entitled thereto and they tendered the money into court and made H. a party to the suit. Held, that the allegation on information and belief that H. was entitled to the commission did not show such partiality as prevented defendants from interpleading H., since, while it is the duty of a stakeholder to be fair and impartial, it is also his duty to disclose to the court all facts possessed in reference to the matters in issue, and the remedy of interpleader is so beneficial and so just that any reasonable doubt as to a party's right to an interpleader will be resolved in his favor.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 47, 51; Dec. Dig. ⊘⟶23.]

2. EVIDENCE ⊘⟶317—HEARSAY—ADMISSIBILITY.

In an action against brokers who employed plaintiff to assist them in selling lands in which they interpleaded H. with whom they had a similar arrangement, one of the defendants testified that H. brought the purchaser into the office, that defendant asked him whether or not plaintiff had sent him in with the purchaser, and that H. stated that he had not, but that he brought the purchaser himself, and that thereupon defendant told H. that he would pay him half of the commission to close the deal. Held, that this testimony was obviously hearsay and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. ⊘⟶317.]

3. APPEAL AND ERROR ⊘⟶1050 — HARMLESS ERROR—ADMISSION OF EVIDENCE.

Even though there was other competent evidence tending to sustain H.'s claim to the commission, it could not be said that the admission of such evidence was harmless, as it could not be told how much importance the jury attached to such evidence, and hence, though there was no statement of facts, the admission of such evidence could not be regarded as harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊘⟶1050.]

4. EVIDENCE ⊘⟶314 — HEARSAY EVIDENCE — ADMISSIBILITY.

Except in cases of pedigree, relationship, marriage, death, age, and boundaries, hearsay evidence is inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1168–1173; Dec. Dig. ⊘⟶314.]

5. APPEAL AND ERROR ⊘⟶688 — PRESUMPTIONS IN SUPPORT OF JUDGMENT—OMISSIONS FROM RECORD.

Though the language of defendants' counsel in stating in his argument that plaintiff was a liar was severe and might under certain circumstances constitute serious error, it could not be said that it was error, where there was no statement of facts, as counsel's remark may have been reasonably deducible from the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2894–2896; Dec. Dig. ⊘⟶688.]

Appeal from County Court, Kaufman County; James A. Cooley, Judge.

Action by John Pulkrabeck against Griffith & Griffith. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Woods & Morrow and Huffmaster & Huffmaster, all of Kaufman, for appellant. Terry & Brown, of Kaufman, for appellee.

RASBURY, J. There is no statement of facts in the record of this cause, but it does

appear from the pleading that by mutual agreement appellees employed appellant to assist them in selling certain farm lands in Kaufman county for which appellees were agents. By the agreement appellees were to divide their commissions with appellant on all sales made to customers introduced, procured, or brought to appellees by the efforts of appellant. Other provisions of the agreement need not be detailed. After the agreement was reached, appellant sued appellees alleging generally that he had earned $250 under his agreement with appellees, which they refused to pay. Appellees, in answer to the suit, admitted the agreement, and alleged in addition that it made a similar agreement with one Holick and others, but had not made an exclusive agreement with any one; also, that a sale of certain of the lands was made to one Kovar upon which there was due either appellant or Holick the sum of $80, and that according to appellees' information and belief Holick was entitled thereto. The money was tendered into court and Holick made a party to the suit. Holick intervened in the suit, either voluntarily or in response to citation, and alleged a contract with appellees similar in all respects with the one between appellant and appellees and that he was the procuring cause of the sale to Kovar since it was through his efforts that the sale had been consummated. There was trial by jury to whom the court submitted two special issues of fact: The first being, "Was the plaintiff John Pulkrabeck the procuring cause of the sale of the 151-acre tract to Martin Kovar by Charles C. Cobb by reason of any aid or assistance rendered by him to the said defendants Griffith & Griffith?" and to which the jury answered "No." The second being, "Was the intervener John R. Holick the procuring cause of the sale of the 151-acre tract of land to Martin Kovar by Charles C. Cobb by reason of any aid or assistance rendered by said John R. Holick to the said defendants Griffith & Griffith?" and to which the jury answered "Yes." Upon the jury's findings judgment was rendered that appellant take nothing by his suit against appellees and that intervener Holick recover of appellees the sum of $80, and from which judgment this appeal is taken.

[1] The second, third, and fourth assignments of error challenge the right of appellees to interplead Holick in the suit on the ground that there is no privity of contract between appellant and Holick and on the ground of the partiality of appellees. While we are not unmindful of the rule invoked by the assignment, it has nevertheless been held by our Supreme Court that, "under our blended system, where law and equity are administered by the same court, and the rights of all parties to the suit in the subject-matter thereof may be adjudicated and fully protected," a defendant is entitled to the equitable remedy of interpleader. Also,

that "the remedy is so beneficial and so just that any reasonable doubt as to his right to an interpleader will be resolved in his favor." Nixon v. New York Life Ins. Co., 100 Tex. 251–262, 98 S. W. 380, 99 S. W. 403. See, also, Rochelle et al. v. Pacific Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543. The rule being as stated and so highly favored by courts, we do not think that appellees should be denied the right to have the rival claimants to the commissions adjust their claims in one suit, merely because appellees assumed the position in their pleading based upon information and belief that Holick was entitled to the commissions. Such pleading does not, in our opinion, constitute such partiality as will prevent the application of the rule. The pleading at most is but the expression of an opinion. Other portions of the pleading are clear in the statement that appellees do not know who earned the commissions, but are willing to pay to whomsoever is entitled thereto and for that purpose tenders the money into court. While it is clearly the duty of a stakeholder to be fair and impartial, it is also his duty to disclose to the trial court all facts possessed in reference to matters in issue, and to do so is not in law a showing of partiality.

[2-4] The fifth and ninth assignments of error attack the action of the court in admitting certain testimony. By bill of exception it is shown that while the trial of the case was in progress T. B. Griffith, one of the appellees, was permitted over objection of appellant, after he had testified that appellant had not in any manner contributed to the sale of the land, to further testify:

"Holick brought Kovar into my office, and I stated to Holick that I wanted to know whether or not Pulkrabeck had sent him in with Kovar, * * * and if not I would pay him half the commission to close the deal, and he stated he had not, that he brought him himself. I thereupon told him that I would pay him half of the commission to close the deal."

Appellant was not present when the conversation took place between the witness, appellee, and intervener, Holick. Appellant contends that the evidence detailed was hearsay and self-serving and hence inadmissible. We concur in the contention. The testimony was obviously hearsay (Ross et al. v. Moskowitz, 95 S. W. 86), and its effect was clearly to support the contention of both appellees and intervener that the latter was the procuring cause of the sale. Save in cases of pedigree, relationship, marriage, death, age, and boundaries, hearsay evidence is inadmissible. The fact, as contended by appellees, that a statement of facts is not in the record, will not support a finding that the admission of the evidence was harmless. Even though there was a statement of facts which disclosed other competent evidence tending to sustain intervener's claim, we would yet be unable to say that the hearsay evidence was harmless. Appellees assumed correct an attitude of impartiality and admit-

ted the debt. Occupying such a position, it is difficult to say exactly how much importance the jury would attach to the statement of appellees that Holick had said that appellant had in no way contributed to the sale of the property to Kovar. Certainly we cannot say it was harmless, particularly in view of the further fact that appellees had testified that they had received no assistance from appellant in the sale of the lands.

[5] In reference to the alleged misconduct of counsel in stating in argument before the jury "that old John Pulkrabeck was a liar," it may be conceded that the language was severe, and might under certain circumstances constitute serious error if permitted, at the same time, in the absence of a statement of facts, we cannot say in this case that it was. Unlike the admission of hearsay evidence, it may be that if all the evidence was before us the remark of counsel could be reasonably deducible therefrom.

The remaining assignments of error have been carefully considered and in our opinion fail to disclose reversible error, and for that reason are overruled.

Because of the action of the trial court in admitting the evidence of the witness Griffith, the judgment is reversed, and the cause remanded for another trial not inconsistent with the views expressed herein.

Reversed and remanded.