**HOLT et ux. v. UVALDE CO.  (No. 630–4146.)**

(Commission of Appeals of Texas, Section A. Feb. 25, 1925.)

Action ⊙—57(1), 69—Refusal to consolidate or postpone trial until another case tried held error.

Where a contractor brought suit against property owner to recover on a paving certificate issued under Rev. Civ. St. arts. 1006–1017, and at time of trial, suit by city which issued certificates against contractor to cancel same was pending, *held* that court erred in refusing to postpone trial of contractor's suit until city's suit should be tried to consolidate cases.

Appeal from Court of Civil Appeals of Fourth Supreme Judicial District.

Action by the Uvalde Company against Oran C. Holt and wife. Judgment for plaintiff was affirmed by Court of Appeals (258 S. W. 285), and defendants appeal. Reversed and remanded.

A. L. Matlock and Joseph Ryan, both of San Antonio, for appellants.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

BISHOP, J. This suit was instituted in the district court of the Seventy-Third judicial district, Bexar county, by the Uvalde Company, defendant in error, to recover on a street-paving assessment certificate issued by the city of San Antonio to the Uvalde Rock Asphalt Company, and evidencing an indebtedness of Oran C. Holt and wife, plaintiffs in error, for their pro rata of the cost of paving Nolan street, adjoining their property abutting upon said street. and also to foreclose a lien on said property as evidenced by said certificate and mechanic and materialmen's lien executed by Holt and wife.

The city of San Antonio had adopted the provisions of chapter 11, tit. 22, arts. 1006–1017, of the Revised Civil Statutes, relating to street improvements, and the paving in question was done and assignable certificates issued under the provisions thereof..

At the tme of the beginning of the trial of this case there was pending in the district court of the Forty-Fifth judicial district of Bexar county a suit by the city of San Antonio against defendant in error, Uvalde Company, and the Uvalde Rock Asphalt Company, seeking to cancel the certificates issued by it to said Uvalde Rock Asphalt Company for the paving of this street, which included the certificate here sued on.

As is shown by bill of exception No. 1 in the record, these plaintiffs in error filed and presented their motion, asking that this cause be postponed until the cause brought by the city seeking cancellation of the certificates could be tried, reciting that it was agreeable to the city that its said cause be transferred to the court trying this case, and that its attorney on that day, January 17, 1923, had appeared before the Forty-Fifth district court and asked that the cause be so transferred, but that defendant in error had resisted said motion, and that said motion to transfer had been set for hearing on January 20, 1923, at 9:30 a. m. They alleged that they were especially interested in the suit of said city seeking to cancel said certificates, and asked the court to either postpone the trial of this suit until the trial of said city suit, or transfer this cause to the district court of the Forty-Fifth district. They also asked that the suit be postponed until the hearing should be had on motion to transfer from the Forty-Fifth district court. In a former motion to postpone, it had been suggested that the two cases be consolidated. On January 20, 1923, the case of the city of San Antonio against the Uvalde Rock Asphalt Company and the Uvalde Company was transferred to the court trying this case, and plaintiffs in error filed and presented another motion, asking that said city case be first tried. It was shown that the attorney representing the city was ready and willing to try said cause, in which it was sought to cancel said certificates, and that said last-named motion of plaintiffs in error was overruled on objection by the counsel of the defendant in error that same should not be granted, because said cause was on trial before the court when said last-mentioned motion was made.

Said motion having been overruled, the case was tried, resulting in a judgment against plaintiffs in error. This judgment was by the Court of Civil Appeals affirmed. 258 S. W. 285.

The city of San Antonio had entered into the contract with the Uvalde Asphalt Company under which the paving was to have been done. It had issued the certificates upon which these plaintiffs in error were to be held liable. It had filed suit to cancel these certificates. If it prevailed in its suit, the judgment there rendered would protect the plaintiffs from liability in this suit.

We can see no reason why the trial court should not have either first tried the case in which the city sought to cancel the certificates or consolidated the two cases and proceeded with the trial. The attorney representing the city was before the court ready for trial in that case. The city having made the contract under which the certificates were issued, if there was any reason why they should be canceled, was better prepared to urge such reason than were the plaintiffs in error. Under the law, it had caused to be issued this evidence of indebtedness for which plaintiffs in error were to be liable. If the city should prevail in its suit to cancel, they would thereby be released from any liability. Unless some good reason could be shown why the case filed by the city should not be first tried, the court should have granted the motion, or consolidated the cases as was suggested. We think the trial court, in the light of the facts recited in this bill of exception, erred in requiring these defendants to try this cause prior to the trial of the city's case to cancel the certificates. Under the facts above recited, these plaintiffs in error were entitled, having made motion to postpone, to either have this done or to have the cases consolidated and all issues disposed of in one trial. Gaines v. Ann, 17 Tex. 214; Williams v. Wright, 20 Tex. 499; Brown v. Simpson (Mo. Sup.) 201 S. W. 898, 9 Cyc. pp. 88, 89.

We recommend that the judgments of the district court and Court of Civil Appeals both be reversed and the cause remanded to the district court.

PER CURIAM. The judgment recommended in the report of the Commission of Ap-

(269 S.W.)

peals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.