## Metropolitan Life Insurance Company v. Schultz, Administrator, et al.

*Pentz & Pentz,* for plaintiff.

*Bell & Brockbank,* for J. Harold Schultz, administrator, defendant.

*L. D. McCall,* for George R. Null, defendant.

SMITH, P. J., October 26, 1934.—This case arises as follows. Metropolitan Life Insurance Company issued two policies of insurance, of the type known as industrial insurance, on the life of Habda Dahrouge. At the time of her death intestate, on January 23, 1934, one policy became due and payable in the amount of $198 and the other in the amount of $242. Each of these policies provided that, after satisfactory proof of death, its amount should be payable to the executor or administrator of the insured "unless payment be made under the provisions of the next succeeding paragraph", which reads in part as follows: "The company may make any payment or grant any nonforfeiture privilege provided herein to the insured's husband or wife, or any relative by blood or connection by marriage of the insured, or any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial."

This action is upon a bill in equity brought by Metropolitan Life Insurance Company as plaintiff, averring its liability upon and willingness to pay the policies above mentioned, and also averring that there are two claimants to the proceeds of said policies, who are named as respondents in the bill. The one is J. Harold Schultz, administrator of the estate of Habda Dahrouge by virtue of

letters of administration granted in Clearfield County, and who as such administrator had brought an action in the Court of Common Pleas of Clearfield County against the insurance company on April 26, 1934, to no. 319, May term, 1934; the other claimant is George R. Null, a resident of Sykesville, Jefferson County, Pa., who has also, on May 2, 1934, brought an action in the Court of Common Pleas of Jefferson County, to no. 9, August term 1934. The claim of George R. Null to the proceeds of the policies arises from an alleged assignment from Edward Shalhoub, who was both stepson and son-in-law of the insured, and who claimed that the certificates evidencing the policies had been held by him since their issuance, and the premiums thereon paid by him. By reason of notices from the two conflicting claimants and the two actions brought by them in Clearfield and Jefferson counties, respectively, the insurance company was faced with two conflicting claims for the same policies and with the necessity of defending two separate actions for them, and therefore prayed the court to exercise its jurisdiction to compel the claimants to interplead, and asked to be permitted to pay the admitted amount due on the two policies into court, pending determination of the rights of the parties. The bill specifically prayed for the enjoining and restraining of both claimants from proceeding with their actions of assumpsit, and that the court shall dispose of the moneys in question between the two claimants, as well as among any other claimants who might appear in the action, as should appear proper. Under a subsequent order made by the court, the moneys have been held by counsel for the insurance company without actual payment into court, but subject to disposition of the matters pending before the court.

Service was obtained upon George R. Null, who resides outside the territorial jurisdiction of this court in the adjoining County of Jefferson, by virtue of an order made by the court upon application of the plaintiff under the Act of April 6, 1859, P. L. 387. The defendant George R. Null then filed a petition moving for the vacation of the order directing service and asking that the service made thereunder be stricken from the record and set aside.

The defendant Null raises the question of jurisdiction of the court over him, and its power to make the service directed upon him and to determine his rights in the manner proposed by the plaintiff.

The jurisdiction of bills of interpleader is expressly granted to courts of equity in this Commonwealth by the Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §282, in the following language: "IV. The determination of rights to property or money claimed by two or more persons, in the hands or possession of a person claiming no right of property therein."

In this case, the insurance company is faced with two conflicting claims for the same debt, which it acknowledges. The insurance company is therefore a mere stakeholder having no interest except to pay to the proper person. There would seem to be no question, therefore, that a proper subject matter for the exercise of equitable jurisdiction has been stated.

It is argued on behalf of the defendant Null that to grant the relief herein prayed for would require a decree in personam against him, which would be beyond the power of this court. Counsel cites the cases of Steel v. Smith, 7 W. & S. 447, Lebanon Valley Consolidated Water Supply Co. et al. v. Commonwealth Trust Co., 257 Pa. 284, Vandersloot v. Pennsylvania Water & Power Co., 259 Pa. 99, and Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529, contending that under the principle discussed in these cases the court of equity in Clearfield County has no jurisdiction to make a decree in personam against Null, and therefore could not obtain a valid service of process upon him under the Act of 1859.

While no appellate court decision squarely upon the point in this State has been cited to us, we believe that under the principle of the cases cited above, as well as other cases, particularly Coleman's Appeal, 75 Pa. 441, Shreve v. Shreve et al., 305 Pa. 425, and Hughes v. Hughes, 306 Pa. 75, this court has jurisdiction of the subject matter and to make the order for service in Jefferson County, and, if the averments of the bill are sustained upon hearing, to make an appropriate order requiring the claimants to interplead and restraining them from prosecution of their several actions of assumpsit. The case of Knights of Columbus v. Lesko, 1 D. & C. 274, also so decides.

The question has been decided to this effect in other States, and Corpus Juris treats it thus (33 C. J. 447):

"Claimants not residing in county. . . . if the residences of the claimants are in different counties, a petition for an interpleader may be filed in the county of the residence of either. . . .

"Enjoining proceedings in another court. A complainant in an interpleader suit may enjoin proceedings in another court against him for the same debt, fund, or duty, that the entire litigation may be drawn into one principal action. A court having jurisdiction of the person of a claimant in one state has jurisdiction to issue a restraining order against the maintenance of an action in another state upon the claim in controversy." See also Missouri K. & T. Railway Co. v. Henderson, 123 S. W. 232, Bank of Tifton v. Saussy & Huxford et al., 127 Ga. 457, 56 S. E. 513, Nixon v. Malone et al., 95 S. W. 577, Rochelle et al. v. Pacific Express Co. et al., 56 Tex. Civ. App. 142, 120 S. W. 543.

The following quotation from Nixon v. Malone et al., above cited, would seem pertinent (p. 581): "If the insurance companies had the right to interplead all parties claiming the respective funds in their hands, it could be no answer to such actions that Mrs. Nixon and her son resided in Gonzales county. To hold otherwise would be to hold that suits must be instituted in each of the many different counties in which the parties defendant resided, when the interpleader had no interest at all in the subject of litigation. Under such rule, when only one of many claimants resided in a county, no interpleader could ever be sustained, and an innocent stakeholder could be subjected to as many suits in as many jurisdictions as there were claimants to the fund. This would destroy the beneficent rule that, where jurisdiction is obtained over one party claiming a fund or duty, all other claimants of the same fund or duty, in whatever county they reside, may be brought into the suit in order to avoid a multiplicity of suits, double vexation, and the accumulation of costs."

This proceeding in its nature resembles one for the distribution of a fund rather than one to determine the rights of the parties as persons. It would seem therefore to be virtually a proceeding in rem as to the fund, rather than one in personam against George R. Null. Probably the effect of any decree made against him should be carefully limited, or in any event it should not be given effect or proceedings for its enforcement taken as if it were generally in personam. That proper measures of relief in cases of this general nature are not limited to what are strictly in rem proceedings appears to be intimated in the opinion of Justice Sharswood in Coleman's Appeal, 75 Pa. 441, 455, when he says: "The judgment . . . can be enforced only against the property attached, or against the garnishee *in personam* to the extent of the property admitted, or found by the verdict of a jury to be in his hands."

The interpleader jurisdiction of the equity court would, in its practical effect in these modern times, be so restricted as to be of little avail if the court of equity could take jurisdiction and enforce its decrees only when both the subject matter and all the claimants resided in one county, and an interpretation

which would have that effect would go far toward nullifying the act of assembly conferring the interpleader jurisdiction.

In the instant case, we have unquestioned jurisdiction in equity of the subject matter in controversy; the fund claimed is brought into court by the stakeholder and is therefore within the jurisdiction and within the actual control of the court. One of the two claimants is resident in the court's territorial jurisdiction; the estate of the insured is also in this territorial jurisdiction for administration; the first action against the stakeholder was likewise brought here. The only element of complete jurisdiction lacking is that over the person of the one defendant and claimant, George R. Null, who resides in Jefferson County. This element was supplied by resort to the provisions of the Service Act of 1859. It would seem to follow, therefore, that both claimants were properly named as principal defendants in this action: Bird v. Sleppy, 265 Pa. 295; and that the court has complete jurisdiction of the subject matter and the parties, and therefore the power to make such decree as may be required to effect the purposes of the exercise of that jurisdiction.

### Decree

Now, October 26, 1934, in accordance with the opinion filed herewith, the rule to vacate the order of June 25, 1934, directing service upon George R. Null without Clearfield County, and to strike off and set aside the service upon him, is hereby discharged, and the defendant George R. Null is hereby required to file an answer to the averments of the bill in equity within 15 days after the date hereof.                               From John M. Urey, Clearfield, Pa.