## JONES v. WYNNE.

No. 10274.

Court of Civil Appeals of Texas. Galveston.

March 18, 1937.

Rehearing Denied April 8, 1937.

J. S. Bracewell, of Houston, for appellant.

Dean & Humphrey, of Huntsville, for appellee.

GRAVES, Justice.

This suit originated in the probate court of Walker county by the filing therein by the appellee herein on the 1st of February, 1934, of his application to sell the Seaborn A. Mills survey of land in that county, to pay his $16,386 approved and allowed claim against the estate of Helen M. Jones, deceased. Judgment was entered in the county court on the 16th day of February, 1934, granting appellee's application to sell, and ordering the sale of the lands as the property of that estate, to pay the aforesaid claim of appellee. Appeal was taken by this appellant as the administrator of such estate from this order of the probate court, and the transcript and original papers were filed in the district court of Walker county, on the 13th day of March, 1934. As shown by the pleadings of the appellant herein, an original suit seeking to review the probate court's prior action in so approving the appellee's claim, in the form of an application for certiorari, was also filed by the heirs of Helen M. Jones, deceased, in the district court on June 22, 1934, something more than four months after the appeal of the case at bar was perfected to the district court. Appellant further pleaded in this cause that the suit of this appellee against J. B. Jones and J. B. Jones, Jr., et al., seeking individual recoveries against them on part of the claim so approved against Helen M. Jones' estate, was filed in the district court on the 17th day of September, 1934, something more than seven months after appeal of the case at bar was perfected to the trial court. On the 13th day of November, 1934, and after the trial court had disposed of this certiorari case, as well as this suit against J. B. Jones and J. B. Jones, Jr., et al., the appellant filed in the instant cause his first amended answer in the trial court, wherein he alleged as ground for abating this action that the certiorari proceedings, referred to supra, had been filed, tried, and appeal perfected; that the last-mentioned suit of this appellee against J. B. Jones and J. B. Jones, Jr., et al., had likewise been filed, tried, and appealed, the former of these appeals having become No. 10269 in this court, Jones v. Wynne, 104 S. W.(2d) 141, and the latter No. 10275 [1], that there was a controversy between the estate of Helen M. Jones, deceased, and Gibbs Bros. & Co. over the timber on the Seaborn A. Mills survey, but no allegations were made that a suit had been filed to settle the differences between those parties; and appellant further pleaded that there was a possibility of an enhanced value in the Seaborn A. Mills survey of land by reason of the possibility of mineral development. Appellant, on the present appeal, apparently aban-

---

[1] Affirmed without written opinion Mar. 11, 1937

146

dons all of his allegations contained in this plea in abatement in the trial court in this cause, except the averment of the pendency of these certiorari proceedings, as no assignments of error are directed to the action of the court in overruling the plea in abatement, except by reason of the pendency of the aforesaid certiorari proceedings.

So, the controlling question presented here is whether or not the court below erred in holding that the pendency therein of this certiorari proceeding did not abate the current suit; this court holds it did not; last week (March 11, 1937) the appeals in both that certiorari suit (No. 10269 here) and the one against J. B. Jones, Sr., and Jr. (No. 10275 here), were decided, this court holding in the former that the trial court did not have jurisdiction to so review the probate court's action in approving the $16,-386 claim against Helen M. Jones' estate; if that decision be sound, then the judgment in this cause was correct, and should be affirmed.

In the very early case of Langham v. Thomason, 5 Tex. 127, the Supreme Court said:

"The former action, pleaded in abatement in this case, was an action brought in the name of the wife alone, without the right or authority thus to sue. It appears to have been an action which, as brought, the plaintiff could not have maintained. It did not dispense with the necessity of the present suit; and was not, therefore, such an action as could be effectually pleaded in abatement of a subsequent suit by a party entitled to maintain the action. The pendency of a prior suit will not abate the second, if the first is so defective that the second is necessary to secure the demand. ([Durrand v. Carrington] 1 Root [Conn.] 355; 7 Verm R. 124.)" See, also, Miller v. Drought (Tex. Civ.App.) 102 S.W. 145; Red Deer Oil Development Co. v. Huggins (Tex.Civ.App.) 155 S.W. 949 (writ of error refused); Wright v. Wright (Tex.Civ.App.) 285 S. W. 909; Rochelle v. Pacific Exp. Co., 56 Tex.Civ.App. 142, 120 S.W. 543; 1 Texas Jurisprudence, pp. 104 and 105, Abatement and Revival, § 75; 1 Corpus Juris, pp 89 et seq., Abatement and Revival, § 128; Holt v. Uvalde Co. (Tex.Com.App.) 269 S.W. 73; Wilson v. Avery Co. (Tex.Civ.App.) 192 S.W. 1130 (writ of error ref.).

Without further discussion, an affirmance will be entered.

Affirmed.