No 93.—W. T. S. ADAMS, executor, plaintiff in error, *vs.* JOHN DIXON, administrator, and others, defendants.

[1.] To entitle a person to a bill of interpleader, he must claim no interest in the fund or property, claimed of him by persons, on whom he calls to interplead and have their rights adjudicated.

[2.] An executor has such an interest in property which came to his hands as executor, and for which he is sued by a person claiming it by title paramount to that of testator, as precludes him from calling on parties claiming under the will, to interplead with the plaintiff; he is bound to defend.

[3.] In such case, the interposition of a Court of Equity, is not necessary to his protection. The judgment of a Court of Law, on the legal title, if against him, will protect him.

[4.] A Court of Equity will not sustain such a bill as a bill for direction, in the marshalling of the assets of the testator. The duty of executor is clear and free from embarrassment.

In Equity, in Catoosa Superior Court.    Decided by Judge TRIPPE, October Term, 1855.

This was a bill of interpleader, filed by Adams, as executor of Jonathan Fielding, deceased, setting forth, that in the will of said Fielding, certain negroes were specifically bequeathed to his widow and his three brothers, James, Henry and George Fennell Fielding; that complainant, as executor, had said slaves in possession, and that he has been sued in Trover for them, by John Dickson, as administrator of Elizabeth Fielding, a former wife of testator, who claims them under an anti-nuptial agreement, between said Jonathan and Elizabeth; which action is now pending.

The bill was filed against the said Dickson, and against the said specific legatees, praying that they might interplead and have their respective claims to said negroes passed upon by the Court, to the end, that the complainant, as executor, might be protected against litigation and possible loss.

Upon demurrer, the Court dismissed this bill, upon the

ground, that no sufficient ground was shown for the interposition of a Court of Equity.

And on this decision error is assigned.

W. G. Hansell & Alexander, for plaintiff in error.

Underwood and Hull, representing Akin, for defendants.

*By the Court.*—McDonald, J. delivering the opinion.

Complainant's testator, amongst other things, bequeathed to his wife and three brothers all his negroes, to be equally divided among them. After the probate of the will, and the qualification of complainant as executor, he was sued, in an action of trover, by John Dickson, as administrator of Elizabeth Fielding, deceased, a former wife of the testator, for all the negroes embraced in the will, claiming them under antenuptial marriage articles as the property of his intestate. The legatees claim the property under the will.

The complainant files his bill, alleging that he claims no individual interest in and to the said slaves or their hire; that he holds them and their hire as executor of the last will and testament of Jonathan Fielding, deceased, and that he cannot surrender the said slaves to either of the parties without great risk, trouble and expense; and, until they appear before the Court and interplead with each other, and a final order and decree of the Court shall be had for his protection; and he prays that the said parties may interplead, and settle, and adjust their right and title to said negro slaves and their hire. The bill is entitled a bill of interpleader; but it contains an additional prayer, that the Court would secure and protect him from injury and loss, by giving him the benefit of its direction, order and decree, in the marshalling of the assets of the estate. The bill was demurred to; the demurrer was sustained and the bill dismissed, and the decision of the Court is excepted to.

The case made by this bill is simply this : The complainant is sued for slaves which came to his possession as executor, by a party who claims title to them in opposition to the title of testator; and the other parties called on to interplead, claim the same property as legatees under the testator's will, and claim his title.    Is this a case in which the executor may file a bill of interpleader?

[1.] To entitle a person to a bill of interpleader, he must be in a position in which he is liable to one of two or more persons, who claim from him the same debt or duty; and he claims no right in opposition to the claimants or either of them; and he does not know to whom he ought, of right, to render the debt or duty.

In such case, he may generally call on the parties to interplead, that the Court may judge between them, and he be protected.    He must be a party entirely indifferent between them.

The amount of the fund or matter in the hands of complainant, upon which hostile claims are alleged to have been made, must be taken to be as stated by the complainant, and cannot be controverted by the answers, *for the purpose of having it adjudicated upon.    Atkinson vs. Manks,* (1 *Cowen's R.* 704.)

[2.] The complainant, as executor, owes no debt or duty to Dickson, administrator of Elizabeth Fielding; he is not without interest in the suit instituted by Dickson as administrator; he is the proper person to defend the action, and he is bound to do it.    He cannot, by a bill of interpleader, call on legatees, whose interest it is his duty to protect, to assume the burdens of litigation which his office of executor imposes on him.    For certain purposes, the title of the property is in him.

If necessary, he may sell the property for the payment of debts or making distribution.    His liability may be different in amount to the parties on whom he calls to interplead.    If Dickson makes good his title, he may recover the slaves and

the value of the hire ; to the legatees he is liable for the hire only that he received, if he was guilty of fraud or negligence.

[3.] The interposition of a Court of Chancery, is not necessary to the ample protection of the complainant. If he commits no *devastavit* by making a faithless or merely colorable defence to the action at Law, and the property should be recovered from him, the judgment recovered on title paramount to testator's title, will protect him. The pendency of the action for the property, will be sufficient to suspend any suit that the legatees may institute against him. The suit is upon the legal title, and the complainant must defend himself as well as he can at Law. In a case of this sort, the Court will not assume the right to try the legal title. (*Story's Equity Ju. sect.* 820.) To sustain this bill, would be to protract the litigation between the parties, transfer from a Court of Law, the appropriate jurisdiction, to a Court of Chancery, the trial of a mere legal title, and add to the expenses of the parties, without giving the complainant a surer protection than a judgment at Law would afford him.

[4.] The bill prays the direction of the Court in the marshalling the assets of the testator, and asks the decree of the Court for complainant's protection. Such bills have been sustained, both in England and in this State, but only in cases where, from the complication of the affairs of the testator, the administering the estate would be unsafe.

Such is not the case here. There is no difficulty presented in the bill before us, that ought to embarrass the executor. Certain slaves which came to his possession as executor, are claimed by title paramount to that of the testator, and suit has been instituted against him for their recovery. If they are recovered from him after a fair and faithful defence, the legatees can have no claim for them ; if they are not recovered, the duty of executor is plain, and there can be no difficulty in delivering them to the legatees under the directions of the will.

Judgment below affirmed.