### McKINNEY, administrator, v. DANIELS et al.

A party indebted upon a note representing the balance of the unpaid pur-
chase-money for certain lands in this State, to which he held bond for
title, can maintain an equitable petition in the nature of a bill of inter-
pleader against two foreign administrators with the will annexed of the
deceased payee, where each of the two administrators claims that he is
the rightfully appointed administrator with the will annexed and en-
titled to collect the money due on the notes, and the petitioner can not,
without reasonable apprehension of danger, determine which of the two
claimants of the fund is rightfully entitled thereto, upon offering to
pay the fund in controversy into the registry of the court that it may be
awarded to the successful one of the parties required to interplead. A pe-
tition alleging these facts is not open to general demurrer, although
petitioner prays for the affirmative relief of a judgment decreeing the
title to the land purchased as aforesaid to be in him, upon the payment
of the balance of the unpaid purchase-money.

SEPTEMBER 24, 1910.

Equitable petition. Before Judge Felton. Bibb superior court.
February 12, 1909.

Rosa Daniels filed her petition against A. T. McKinney and Hill
Montague, wherein she alleged, that she purchased certain real es-
tate in Bibb county, Georgia, from Ida McKinney Long, and paid
a portion of the purchase-price, leaving due and unpaid $1100,
represented by three certain notes signed by Rosa Daniels and pay-
able to Ida M. Long or order; that Ida McKinney Long died in
Richmond, Va., where she then lived, and had in her possession
at the time of her death the three notes above referred to; that she
left surviving her a husband, then residing in Richmond, and an in-
fant child, who is still in life; that Hill Montague, shortly after
the death of Mrs. Long, was appointed administrator of her es-
tate by proceedings in the proper courts of Virginia; that A. T.
McKinney, the other defendant, who was a brother-in-law of Mrs.
Long, probated, in Trigg county, Kentucky, an alleged will of
Ida M. Long, and was appointed administrator with the will an-
nexed of Mrs. Long; that said McKinney had received the three
notes above referred to, and had them in his possession at the
time of his appointment as administrator of Mrs. Long; that Hill
Montague, upon learning of the proceedings taken by McKinney,
did himself, by proceedings in the Virginia courts, obtain letters
of administration with the will annexed upon the estate of Mrs.
Long, in addition to his previous appointment as administrator
upon her estate; that since their respective appointments as ad-

ministrator in Virginia and Kentucky, each of the defendants has repeatedly demanded of her the payment of the three notes, each insisting that he alone is the legal administrator and that the appointment of the other was wholly illegal and void; that each of them has repeatedly notified petitioner not to pay over to the other the amount due on the notes, threatening that if she did so she would be required to pay the same the second time; that McKinney contends that his appointment in Trigg county, Kentucky, is legal, and that that county was the home of Mrs. Long at the time of her death, and that he is actually in possession of the property composing her estate in Trigg county, Ky., including the said notes; that Montague contends that Mrs. Long was a citizen of Virginia and resident of Richmond at the time of her death, and that the notes were assets of her estate at the time of her death, and that they were unlawfully taken in possession and removed to Kentucky by McKinney; and that McKinney, claiming to be the administrator with the will annexed, commenced suit on the notes in the city court of Macon to recover the principal, interest, and attorney's fees provided for in the notes. Attached to the petition was an affidavit that the petitioner was not in collusion with either defendant. She prayed, that the defendants be required to interplead, that McKinney be enjoined from further prosecuting his suit in the city court, that a decree be rendered determining the rights of the defendants with respect to the fund in controversy, and providing for the complete protection of petitioner by so framing the decree as to protect her in the payment of the balance of the purchase-money, and also requiring the proper party to execute to her good and sufficient titles to the land bought by her from Mrs. Long, as described in the bond for title attached to the petition as an exhibit, or by providing that the decree shall itself constitute such good and sufficient titles in petitioner.

McKinney filed a general demurrer, insisting that the petition was without equity, "because the plaintiff had a complete and adequate remedy at common law; because whatever defense she may have she could set up in the city court, because the petition makes out no cause for interpleader, and seeks other and affirmative relief; because plaintiff has not paid into court the money that she admits to be due; and because her petition shows affirmatively that she has no defense to the suit which she seeks to enjoin." ·

*Hardeman, Jones, Callaway & Johnston,* for plaintiff in error, cited: *Mallard* v. *Allred,* 106 *Ga.* 503; *Booth* v. *Saffold,* 46 *Ga.* 278; *Black* v. *Walker,* 98 *Ga.* 31; *Burnett* v. *Davis,* 124 *Ga.* 542; *Gentle* v. *Atlas Asso.,* 105 *Ga.* 406; 11 Enc. P. & P. 455; *Nat. Bank of Augusta* v. *Augusta &c. Co.,* 99 *Ga.* 286; *Adams* v. *Dixon,* 19 *Ga.* 513; *Davis* v. *Davis,* 96 *Ga.* 136; Glasner *v.* Weisberg, 43 Mo. App. 214; *Chamberlain* v. *O'Connor,* 8 How. Pr. 45; B. & O. R. Co. *v.* Arthur, 90 N. Y. 234; Bridesburg Mfg. Co., 106 Pa. 275; Killian *v.* Ebbinghans, 110 U. S. 568.

*Miller, Jones & Miller, W. E. Martin Jr.,* and *John R. L. Smith,* contra, cited: Civil Code of 1895, § 4896; *Strange* v. *Bell,* 11 *Ga.* 106; *Burton* v. *Black,* 32 *Ga.* 53; *Perkins* v. *Trippe,* 40 *Ga.* 228; *Brown* v. *Wilson,* 56 *Ga.* 534; *Moore* v. *Hill,* 59 *Ga.* 761; *Andrews* v. *Holliday,* 63 *Ga.* 263; *James* v. *Sams,* 90 *Ga.* 405; *Atlanta* v. *McDaniel,* 96 *Ga.* 196; *Davis* v. *Davis,* 96 *Ga.* 136; *National Bank* v. *Augusta Compress Co.,* 99 *Ga.* 286; *Franklin* v. *Southern Railway Co.,* 119 *Ga.* 855; *W. & A. R. Co.* v. *Union Inv. Co.,* 128 *Ga.* 74; *Butler* v. *Holmes,* 128 *Ga.* 336.

BECK, J. (After stating the foregoing facts.) Inasmuch as the petitioner in this case seeks affirmative equitable relief, the petition might be open to criticism if she were relying upon the petition in the case purely as a bill of interpleader. But we are of the opinion that the petition contains all of the allegations essential to a bill in the nature of a bill of interpleader and to the maintenance of the petition. "A bill in the nature of a bill of interpleader is one in which the complainant seeks some relief of an equitable nature concerning the fund or other subject-matter in dispute, in addition to the interpleader of conflicting claimants. The complainant is not required, as in strict interpleader, to be an indifferent stakeholder, without interest in the subject-matter. It is essential, however, that the facts on which he relies entitle him to equitable, as distinguished from legal, relief; he is not permitted, under the guise of a bill in equity, to litigate a purely legal claim or interest in the subject-matter." 5 Pomeroy's Eq. Jur. § 60. It is manifest that there are reasonable grounds of doubt as to which one of the two claimants of the fund joined as defendants in this petition is entitled to demand and receive payment of the same. And while in the petition it is alleged that at the time of her death the payee in the notes was living in the State of Virginia,

and that an administrator upon her estate was appointed by the proper court in Virginia, it also appears that McKinney, who is the codefendant of the Virginia administrator in this petition, duly probated a will of Mrs. Long, the payee of the notes, in the proper court in the State of Kentucky, and at the time had actual posession of the personal property belonging to the estate of Mrs. Long in Kentucky, including the notes representing the fund in controversy. Can it be said, under these circumstances and the others set forth in the statement of facts, that the petitioner could pay the fund in controversy to McKinney, who has already instituted a suit against petitioner in the city court of Macon, without the danger, probable and to be reasonably apprehended, of being forced to pay it again to Montague, the Virginia administrator? Is not the question of the rightful possession of the notes, and the question as to whether Montague or McKinney has the legal right to administer that part of the estate of Mrs. Long which is represented by the notes sued on, a question to be settled between the Virginia and the Kentucky administrators? It seems to us that an affirmative answer to this question is demanded. We can hardly conceive of a debtor, who does not deny her indebtedness, and who is seeking to pay the amount thereof to the rightful holder of the written evidences of the debt, being placed in a more perplexing situation than that of the petitioner.

And further, inasmuch as, upon the payment of the balance of the purchase-money of the land which she bought from Mrs. Long, she would have been entitled, had Mrs. Long lived, to a deed conveying the property to herself, and as neither of the defendants in this case is in a position at present to convey the land, so far as appears from this record, we think this fact is another ground for the maintenance of the petition, so that the proper court, in its final judgment, may render a decree which will of itself be record evidence of at least a perfect equitable title to the land in the petitioner upon her payment of the balance of the purchase-money for the same.

While the offer to pay the fund due into court, as made in the petition, might have been open to special demurrer, we do not think that a defective allegation of readiness and willingness to pay that fund into court was a ground of general demurrer; and the petition

stating as a whole an equitable cause of action, the general demurrer was properly overruled.

> *Judgment affirmed. All the Justices concur.*