BEN HILL COUNTY *et al. v.* MASSACHUSETTS BONDING AND
INSURANCE COMPANY *et al.*

HILL, J.   An execution was issued by the board of commissioners of roads and revenues of Ben Hill county, under sections 522 and 523 of the Civil Code, against W. H. Fountain, sheriff of that county, as principal, and the Massachusetts Bonding and Insurance Company as surety on the bond of the sheriff. The execution was duly recorded. The security is a non-resident fidelity-insurance company, and has bonds on deposit with the treasurer of the State, as required by statute. After the issuance of the execution notice thereof was given to the State treasurer in accordance with the requirements of section 2559 of the Civil Code. Application was also made to the judge of the superior court for the appointment of a receiver to take charge of a sufficient amount of the bonds to satisfy the execution, in accordance with the provisions of said section. Notice was given to the sheriff and county. No previous levy of the execution was made on property of the sheriff or of his surety. The present petition, praying for an injunction to restrain further proceedings on the application for the appointment of a receiver, and that the receiver be restrained from taking further steps to sell the bonds, was presented to the judge of the superior court, who made the usual rule-nisi order. Answer was filed by the sheriff, to the effect that he did not owe the county as claimed, for the reason that the county owed him for various items set up in the answer, etc. After the hearing, the court passed the following order: "Upon consideration of the within petition, it is ordered and adjudged that defendants therein named be and they are hereby restrained and required to interplead as prayed in the petition. I see no reason why the receiver should be made a party defendant, and especially why he should be enjoined by [being?] subject to the court's order; hence he is not enjoined nor restrained in this order. It is further ordered that the County of Ben Hill may and is hereby granted a right to proceed on

its fi. fa. against the principal therein, the sheriff of said county; and the judgment of this court is that in the event the county elects to cause a levy to be made on the property of the sheriff, the levying officer should˙ refuse an illegality setting out in substance the matter appearing in the answer of the sheriff filed to this proceeding. This order is interlocutory only." To this order Ben Hill County and the board of commissioners of roads and revenues of said ·county excepted. Sections 522 and 523 of the Civil Code are as follows: "§ 522. Fi. fa. against persons holding county money. Such ordinaries shall also have authority to compel all persons, their heirs, executors, or administrators, who have or may have in their hands any county money, collected for any county purpose whatever, to pay over the same. § 523. On failure to pay. On failure to pay the same, such ordinaries shall issue executions against such persons and their securities, if any, for the full amount ˙appearing to be due, as the comptroller-general issues executions against defaulting tax-collectors." *Held:*

1. Assuming that sections 2550 et seq. of the Civil Code apply as well to summary executions issued against the defaulting sheriff as they would apply if there had been a regular suit and judgment, and for the purposes of the present case treating these sections as applicable, nevertheless the remedy provided by illegality is not available, because an affidavit of illegality will not lie until there has been a levy on the property. It is alleged that there has been no levy, and that the plaintiffs failed or refused to make a levy on the property of the principal, although he had unincumbered property and was willing to point it out. The appointment of a receiver for the purpose of obtaining possession of bonds belonging to the surety company deposited with the treasurer is not a levy in any such sense as to authorize the interposition of an affidavit of illegality, as the defendants in error contend. Hence the surety company has no legal remedy, and its remedy must be by equitable proceedings, or it has no remedy.

2. The allegations do not make out a case of a bill of interpleader properly so-called. Civil Code (1910), § 5471. But under certain conditions it is permissible to file an equitable proceeding which is sometimes called a bill in the nature of a bill of interpleader. Pom. Eq. Jur. § 60; *McKinney* v. *Daniels* 125 *Ga.* 157, 159 (68 S. E. 1095). A proceeding somewhat similar in its nature to a bill of interpleader will sometimes lie to prevent a multiplicity of suits. In the present case, if the surety must litigate first with the county the question of the amount o'f the indebtedness with the principal, and then litigate with the principal to recover over against him such amount as the county may establish in the first suit, but if the principal will not be bound thereby, the surety may be concluded by a judgment against it for one amount and have a judgment rendered in a suit against its principal fixing a different amount. While the facts in the case at bar are not such as to furnish a foundation for a bill of interpleader properly so-called, they do furnish a basis for an equitable proceeding in which the rights of all the parties may be settled in one litigation.

˙(*a*) While it is alleged in the petition that the county has applied to the superior court for the appointment of a receiver under the code sections

---

in regard to the appointment of a receiver for the purpose of applying to the treasurer of the State for the bonds of the surety company, it does not appear whether this was done ex parte, or after hearing, and whether the surety company was called into court or not, and therefore whether it has had any opportunity in that case to raise the issues now raised by it. It is accordingly unnecessary for us to determine whether it could or should have set up the present contentions in a regular proceeding in which it was made a party, served with process, and called upon to show cause.

3. Some of the terms of the order granted by the presiding judge seem to be inconsistent with the general tenor of the order for interlocutory injunction and interpleader, but no exception is taken by the sheriff or his surety, the only excepting parties being the county commissioners and the county as to the grant of the order against them; and under these facts, we will not deal with the question of provisions to which the sheriff or his surety might have excepted but did not, but will affirm the judgment as it stands as against the excepting parties.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 13, 1915.

Injunction. Before Judge George. Ben Hill superior court. June 30, 1915.

*Haygood & Cutts* and *McDonald & Bennett,* for plaintiffs in error. *Elkins & Koplin* and *Dodd & Dodd,* contra.