## MILLSAP *v.* WACO MERCANTILE COMPANY *et al.*

1. Where one as administratrix admits owing money on certain promissory notes made by her intestate in his lifetime, and there are two claimants of the legal title to the notes, and the claims are of such a character as to render it doubtful or dangerous for her to pay the money to either claimant, she may by equitable petition require the claimants to interplead.

2. Where the administratrix resides in one county and the two rival claimants in another, the superior court of the county of the residence of the latter has jurisdiction of a suit brought by the administratrix to compel them to interplead, and to enjoin a suit brought by one of them against her to recover the amount of the notes, which is being prosecuted in the county of her residence.

3. It was error, under the pleadings and evidence in this case, to refuse the injunction.

APRIL 13, 1916.

Petition for injunction, etc. Before Judge Bartlett. Haralson superior court. September 27, 1915.

Agnes Millsap, as administratrix of the estate of T. N. Sumner, deceased, brought this action against the Waco Mercantile Company and Robert Robertson, as executor of the estate of M. A. McCorkle, deceased, and alleged in substance as follows: The Waco Mercantile Company is a corporation of Haralson county, with its principal office and place of doing business therein. Robert Robertson, executor of M. A. McCorkle, is also a resident of said county. On May 31, 1910, McCorkle, then in life, executed and delivered to T. N. Sumner, petitioner's intestate, his bond for title to a certain described tract of land in Haralson county. The

purchase-price of the land was $4,000, represented by four promissory notes for $1,000 each, dated May 31, 1910, and payable on January 1st, 1911, 1912, 1913, and 1914, respectively, each of the notes being signed by Sumner and made payable to McCorkle or bearer. They were delivered by Sumner to McCorkle; and each note recited that it was given for part of the purchase-money of the land described. On or about July 23, 1910, M. A. McCorkle died, leaving a will, by the terms of which he bequeathed to Mrs. S. A. McCorkle, his widow, a life-estate in all his property, real and personal, with remainder over to certain named beneficiaries; and Robert Robertson was appointed and qualified as executor. On or about January 1, 1911, petitioner's intestate, T. N. Sumner, paid to Robertson, as executor, the amount of the note first mentioned, and took his receipt therefor; but did not obtain possession of the note or the other notes mentioned, the same being in the possession of S. A. McCorkle, the widow of M. A. McCorkle. On February 23, 1911, S. A. McCorkle instituted suit against T. N. Sumner, in the superior court of Haralson county, on the first note mentioned, which had been paid by Sumner, Mrs. McCorkle claiming to be the owner and holder of the note. On March 15th, 1911, Sumner filed his defense to the suit, which defense embraced an answer and cross-petition in the nature of a bill of interpleader, alleging in substance the matter hereinbefore set out, and also alleging that Mrs. McCorkle claimed that the note sued on by her should have been paid to her, and that Robertson, as executor, claimed that he was entitled to the possession of the notes, including the one sued on, for the purpose of collecting them and carrying out the terms of the will. It was alleged that S. A. McCorkle had turned over one of the notes to R. E. Byrd, and another one to Sam Daniel. Sumner also averred that he was a stakeholder in the matter, and desired to pay the notes to the person or persons entitled to collect them; and he prayed that S. A. McCorkle, Byrd, and Daniel be restrained from disposing of the notes alleged to be held by them, that Robertson as executor, Byrd, Daniel, and the remaindermen named in the will be made parties and required to set up their respective claims; and that Robertson as executor be required to hold the money paid him on the first note by Sumner, subject to the order of the court, etc. Thereafter, McCorkle, Byrd, Daniel, Robertson as executor, and the

remaindermen filed their answers to the petition of Sumner; and subsequently during the pendency of the suit both S. A. McCorkle and T. N. Sumner died. W. W. Heaton, as executor of the estate of S. A. McCorkle, was made a party in her stead; and petitioner, Agnes Millsap, as administratrix of the estate of T. N. Sumner, was made a party in his stead; and the case has never been finally tried and disposed of. On December 14, 1914, the Waco Mercantile Company instituted suit in the superior court of Colquitt county against Agnes Millsap, as administratrix of the estate of T. N. Sumner, on two of the notes mentioned above, and prayed judgment thereon for principal, interest, and attorney's fees, etc. This suit has not been reached for trial, and is still pending in Colquitt superior court. The Waco Mercantile Company claims to be the holder and owner of the notes sued on in Colquitt superior court, claiming to have acquired both before maturity and for value and without notice of the claim of title thereto by Robertson as executor, alleging that one of the notes was acquired by it from Mrs. S. A. McCorkle in her lifetime, and the other from Byrd, who acquired the last-mentioned note from S. A. McCorkle in her lifetime, before its maturity, and without notice of the claim by Robertson as executor. Robertson as executor of the estate of M. A. McCorkle claims title to each and all of the four notes mentioned, including the two sued on by the defendant Waco Mercantile Company in Colquitt superior court, and that S. A. McCorkle was never at any time the legal owner and holder of said notes; and if the notes were acquired by the Waco Mercantile Company or by Byrd, they were taken with notice of the claim of title thereto by the executor of McCorkle, and that if they or either of them have been transferred, or they are the purchasers of the notes, they are not innocent purchasers or transferees thereof; and that he has never transferred the notes or either of them to the Waco Mercantile Company or to Byrd, or to any one whomsoever. Robertson as executor recently notified petitioner that he claimed the notes sued on in Colquitt superior court as belonging to the estate of M. A. McCorkle, that the title to the notes is in him as executor, and that the payment of the notes to the Waco Mercantile Company or to any one else, or the admission by her in Colquitt superior court of any liability thereon to said company would be at her peril. If the claim of Robertson as executor of

7

M. A. McCorkle that the notes belong to said estate, and that he as executor thereof holds title thereto and is entitled to the possession of them, be well founded, the legal title to the land described is in his intestate's estate, and he as executor is the proper person to convey the legal title to the land to petitioner upon the payment of the notes, under proper order from the court of ordinary of Haralson county, by which he was appointed, authorizing him to do so. Petitioner is informed that Robertson as executor will refuse to convey such title to petitioner upon the payment of the notes, unless they are paid to him as such executor. If the claim of the Waco Mercantile Company that it is the bona fide holder of the notes sued on is correct, and the same is established, then petitioner is entitled to be protected in the payment of the notes to the Waco Mercantile Company as against the claims of Robertson as executor, and she should not be required to pay the same a second time to him in order to secure a conveyance or the establishing in her of the legal title to the land described. She does not know to which of the defendants herein to pay the notes, and she has a reasonable doubt as to which one of them is entitled to demand and receive payment, and she can not pay the notes to either of the defendants without the danger, probable and reasonable, of being forced to pay them to the other defendant. The question of the rightful possession of the notes and which one of the defendants has the right to demand and receive payment of the same should be settled between the defendants themselves, in order that the petitioner may be protected in the payment of the notes, and, in so far as the notes are concerned, in the conveyance to and establishment in her of the legal title to the land described, for which the notes were given as part of the purchase-money. The prayers were: (*a*) That the defendants be required to interplead with respect to the matter above alleged, relative to the two notes sued on in Colquitt superior court. (*b*) That the Waco Mercantile Company be enjoined from further prosecuting its suit on the two notes in Colquitt superior court. (*c*) That a decree be rendered, determining the rights of the defendants with respect to the two notes, and providing for the complete protection of petitioner in their payment, and the conveyance to her of the legal title to the land described.

The Waco Mercantile Company filed its answer averring, among

other things, that it does claim to hold the two notes for value, and that it took them before due and without notice of any defense by the plaintiff's intestate, and in good faith. It denies that Robertson as executor claims title to the notes in good faith, or that he has any title to them that he could establish. Defendant is unable to answer what notice Robertson as executor has given to the plaintiff, but it avers that the failure of Robertson to make the defendant a party to the litigation in Haralson superior court, both Robertson and defendant being residents of Haralson county, precludes him from making any further attempt to get control of the notes; for there was no reason why he could not have procured a timely order making this defendant a party to that litigation, and therein tried the question of his right to the notes, but he failed and refused to do so. It will become the duty of Robertson as executor to execute title to the land in question when petitioner pays off the purchase-money notes, and it is not a condition precedent that payment be made to Robertson as executor, but that it be made to this defendant, the legal holder. It will undertake to remove the reasonable doubt entertained by the plaintiff, by proof of its legal title to the notes sued on, at such trial as may be had, etc. Robertson as executor admitted all the allegations of the petition, except three, which for want of sufficient information he could neither admit nor deny.

Upon the hearing, the court denied the injunction, and dissolved the restraining order. To this order the plaintiff excepted.

*M. J. Head,* for plaintiff. *J. S. Edwards, Price Edwards,* and *Griffith & Matthews,* for defendants.

HILL, J. (After stating the foregoing facts). We think it is clear that the superior court of Haralson county has jurisdiction of this case, and that the plaintiff can maintain her action there against the defendants, the Waco Mercantile Company and Robertson as the executor of M. A. McCorkle, both residing in that county, to require them to interplead as prayed in the petition, and to enjoin the suit brought by the Waco Mercantile Company in Colquitt county to recover on the notes the title to which is involved in the present case. The right to enjoin a suit in the county where it is brought, where nothing else is involved, is a defensive measure, which may be taken advantage of by the defendant. But that is different from a case where the defend-

ant does not want to defend against one plaintiff alone, for fear that she may have to pay the debt twice. There are other parties involved in the present suit, and the petitioner asks that all the parties who are claimants of the notes sued on be made to come into court and interplead, so as to protect her rights. The plaintiff admits owing the money due on the notes sued on in Colquitt county, to the legal owner thereof; but there are two claimants of the notes. She is sued by one, and put on notice by the other that he claims the money as executor, and that if she pays the notes to the other party she will do so at her peril. Each of the claimants of the notes resides in Haralson county. The plaintiff in the present suit, who resides in Colquitt county, can not require all the parties to interplead in that county, because neither of them resides there, and only one of them is there as plaintiff in the suit on the notes, and the other can not be drawn into that jurisdiction and required there to interplead. All equitable cases shall be tried in the county of the residence of a defendant against whom substantial relief is prayed. Civil Code, § 6540. Robertson and the Waco Mercantile Company are both residents of Haralson county; and there being a good cause of action for interpleader set out in this case against both defendants, that county has jurisdiction of the suit, and the court erred in denying the injunction prayed for to enjoin the suit in Colquitt county.

The evidence in this case makes it doubtful or dangerous for Mrs. Millsap to pay to the Waco Mercantile Company, the holder of the notes, the amount due thereon, or to suffer judgment to be taken against her in Colquitt county in its favor. The evidence shows that she has been put on notice by Robertson, as executor of M. A. McCorkle, that he claims title to the notes sued on in Colquitt superior court, and that if she pays the notes to the Waco Mercantile Company she will do so at her peril; and in the affidavit filed by him in the cause he testified that under the will of which he was the executor Mrs. McCorkle only acquired a life-estate in the notes in controversy. The allegations of the plaintiff's petition and the evidence in support of them make a good cause for interpleader between the two rival claimants of the notes; and this being so, the court erred in denying the injunction. Civil Code, § 5471. See *McKinney* v. *Daniels,* 135 *Ga.* 157 (68 S. E. 1095). The exception contained in the Civil Code, § 5527, to the effect that

injunction suits to stay pending proceedings may be filed in the county where the proceedings are pending, provided no relief is prayed as to matters not included in such litigation, does not affect the venue of the present suit, in which independent relief is sought against one who is a non-resident of Colquitt county, and who is not a party to the suit there pending.

*Judgment reversed.    All the Justices concur.*