## ENDOWMENT DEPARTMENT OF GRAND UNITED ORDER OF ODD FELLOWS OF TEXAS v. ANDERSON et al. (No. 9308.)

Court of Civil Appeals of Texas. Galveston.
May 23, 1929.

Harry Holmes, of Houston, for appellant.
John P. Bullington, and Baker, Botts, Parker & Garwood, all of Houston, for appellees.

LANE, J. The Endowment Department of the Grand United Order of Odd Fellows of Texas, a corporation, hereinafter referred to as the Order of Odd Fellows, with its principal office in Harris county, brought this suit in the county court of Harris county against Effie Anderson, Gordie Wright, and Dorothy Poole, and husband, Lloyd Poole, the first two being residents of Lamar county, Tex., and the last two, Poole and wife, being residents of Tarrant county, Tex., to have the court determine to whom the sum of $300 due by the Order of Odd Fellows upon a certain benefit certificate, issued by it upon the life of Mattie Guest, deceased, belonged and should be paid.

Plaintiff alleged that Effie Anderson and Dorothy Poole and Gordie Wright were the persons named in the certificate as beneficiaries; that, after the death of the insured, it was advised that she had, prior to her death, requested that the beneficiaries in the certificate be changed so that the sum to be paid thereon would become payable to Effie Anderson only, but that such advice did not reach it until after the death of the insured; that the defendant Dorothy Poole and Gordie Wright are claiming a part of the proceeds of the certificate as beneficiaries named therein, and Effie Anderson is claiming all of such proceeds under the notice addressed to the Order of Odd Fellows by the insured to change the certificate so as to make her the sole beneficiary thereunder, which did not reach such order until after the death of the insured. It alleges that it stands in the attitude of a disinterested stakeholder of the $300 due on the certificate; that it is ready, able, and willing to pay such funds to whomsoever is entitled thereto, and will pay the same to whomsoever the court may find is or are entitled thereto; it tendered such sum into court to be disposed of under the order of the court.

Plaintiff also alleged that it was necessary for it to employ an attorney to file its bill of interpleader, for which it became obligated to pay the sum of $50, which is a reasonable fee for the services rendered. It prays for an allowance of such sum.

The defendant Effie Anderson in due time filed her plea of privilege to be sued in Lamar county, the county of her residence.

The plaintiff filed its plea controverting the plea of privilege. In such controverting plea it reiterated the allegations of its petition. It then avers that the suit is instituted for the purpose of establishing the ownership of the $300, personal property, which is located and situated in Harris county, Tex., in the registry of the court; that such property was in Harris county at the time the suit was filed; and that the venue of the cause is fixed by, and the suit comes within, the exception of section 10, art. 1995, Revised Statutes of 1925, and therefore the proper venue of the cause is in Harris county, Tex.

The court overruled the controverting plea of the plaintiff, sustained the plea of privilege, and ordered the transfer of the suit to the county court of Lamar county, Tex.

The plaintiff has appealed.

Appellant insists upon a reversal of the judgment of the court on two grounds: (1) That its suit is not one against appellee; and (2) that the suit is one for the recovery of personal property, to wit, the $300 deposited in the county court of Harris county, located and situated in Harris county, and was in Harris county at the time the suit was filed, and therefore the venue of the cause is fixed by section 10 of article 1995, Revised Statutes of 1925, which provides that suits for the recovery of personal property may be brought in any county where the property may be or where the defendant resides.

We think appellant is in error in assuming that the suit is one for the recovery of personal property. The suit is clearly one in which the plaintiff is seeking to have the defendants brought from the counties of their respective residences into Harris county, and there forced to litigate their conflicting claims as to the ownership of the sum owing by it on an insurance certificate. Neither of the defendants in this cause have sought a recovery of any property, and the suit is

clearly not one brought for the recovery of personal property.

The general rule is that: "No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile," and this rule prevails in all cases, unless a case is shown to come clearly within one of the recognized exceptions.

It is well settled that "a party is entitled to his bill of interpleader when he shows that he holds a fund or owes a duty which he is ready, willing, and able to pay or discharge to the rightful owner; that the parties defendant are claiming the same fund or duty of him, and that he is unable to determine to which one he owes the fund or duty; that he is a disinterested stake-holder and is willing to abide the judgment of the court as between the claimants." Nixon v. Malone (Tex. Civ. App.) 95 S. W. 577.

But, to entitle such interpleader to maintain his suit over a plea of privilege of the defendants to be sued in the county of their residence, the suit must be brought in a county in which at least one of the defendants has his domicile.

The rule for venue in interpleader suit is clearly stated in 33 Corpus Juris, 447, as follows: "Where the stakeholder resides in one county, in which an action has been begun by one of the claimants, and both claimants reside in another, a court in the latter county has jurisdiction of an interpleader proceeding. If the residences of the claimants are in different counties, a petition for an interpleader may be filed in the county of the residence of either." Millsap v. Waco Mercantile Co., 145 Ga. 95, 88 S. E. 673; Bank of Tifton v. Saussy & Huxford, 127 Ga. 457, 56 S. E. 513; Rochelle v. Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543.

The suit of the interpleader in this cause is one governed by the rules relative to equity practice, and such interpleader may under such rules select the proper forum having jurisdiction of all the parties and subject-matter in which to file his interpleader; that is, a forum within a county where one of the defendants has his domicile; but it would be unlawful, as well as inequitable, to permit an interpleader to prosecute his suit in a forum of a county situated several hundred miles from the county and domicile of all of the defendants, over their plea of privilege. If interpleader desired to take the initiative in bringing about a settlement of the controversy between the defendants over the funds in its hands, it should have filed its suit as interpleader in a county where one or more of the defendants had their domicile.

Appellant could not, by filing its plea in Harris county, a county in which none of the defendants had their domicile, force appellee, over her protest, to answer its suit, unless it shows that its suit comes clearly within one of the recognized exceptions enumerated in article 1995, supra. And, as no such showing has been made, the court did not err in sustaining the plea of privilege.

For the reasons pointed out, the judgment is affirmed.

Affirmed.