PHILLIPS *et al. v.* KELLY, executor, *et al.*

No. 9288. December 14, 1932. Rehearing denied January 14, 1933.

*E. W. Roberts, W. E. Smith,* and *Earle Norman,* for plaintiffs in error.

*A. M. Kelly* and *Roberts & Roberts,* contra.

Gilbert, J. A. C. Kelly as the duly appointed and qualified executor of the estate of Thomas Giles, deceased, filed a petition in which he made Mrs. Henrietta R. Phillips, Mrs. Jessie Willis, and Mrs. Minnie Garrison, defendants. He also made the persons constituting the Commissioners of Walton County and the President of the Fifth District Agricultural & Industrial School parties plaintiff. The petition recited that the executor had in his possession certain described real estate situated in Fulton County; that he was collecting the rents and profits therefrom; that under the terms of the will of Thomas Giles the title to said property was vested in the County of Walton, subject to certain trusts therein stipulated and the payment of the rents thereon to certain legatees for life; that Mrs. Phillips, Mrs. Willis, and Mrs. Garrison had notified him that they claimed title to the real estate under the will of Mrs. Mary L. Christian, sister of Thomas Giles. He prayed, that the County of Walton as remainderman under said will, as trustee, should be required to defend said cause under the terms of said will; "that your petitioner be directed by a proper decree of this court as to the future disposition and control of said property and the disbursement of the rents, issues, and profits therefrom, and that he. be also directed as to the disposition thereof at the termination of the life-estate, and that the rights and liabilities of all parties hereto be fixed and determined;" and for general relief.

Mrs. Phillips, Mrs. Willis, and Mrs. Garrison demurred generally

to this petition, and filed an intervention. Walton County demurred generally and specially to the intervention. The court overruled the general demurrer to the petition, sustained the demurrer to the intervention, and, after hearing evidence, directed a verdict for the petitioner. The intervenors excepted.

The petition is not authorized under the Civil Code (1910), § 4597. The contest in this case is restricted to the issue whether or not the real estate mentioned was a part of the estate of Thomas Giles, deceased. If testator had no title to the property, his executor has no right to hold it. If he had title, it necessarily follows that the intervenors have no title. The intervenors in this proceeding are not claiming under the will of Thomas Giles. On the contrary their claim is altogether antagonistic to that will, and they are claiming under the will of Mrs. Christian. Therefore the issue presents none of the questions included within the provisions § 4597. That section provides: "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties, or from excessive caution." This is not such a case. The allegations do not show difficulty "in construing" the will of Giles, or "in ascertaining the persons entitled," that is, under the will; or "in determining under what law property should be divided," that is, divided under the provisions of the will; or "in distributing assets," that is, under the terms of the will of Giles. The petition does not seek a construction of the will. For these reasons the petition can not be sustained. We have said that the petition does not seek a construction of the will. We have not overlooked the fourth prayer of the petition, quoted above. The allegations do not show any ambiguity or any difficulty as to the future disposition of the property and the disbursements of the rents, issues, and profits, except the allegations with reference to the antagonistic claim of title by the parties named. The only difficulty and the only direction asked has reference to the antagonistic claim mentioned above, which does not involve a construction of a will. An equitable petition which contains a prayer for specific relief and for general relief will not, under the prayer for general relief, authorize the grant of any relief which is not germane to the prayer for specific relief. *Schmitt* v. *Schneider,* 109 *Ga.* 628, 632;

*Hairalson* v. *Carson,* 111 *Ga.* 57, 59; *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228).

■ The next question is whether or not the petition can be sustained, as against general demurrer, on the ground that it is authorized under the Civil Code (1910), § 5471, which is as follows: "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such character as to render it doubtful or dangerous to act, he may apply to equity to compel the claimants to interplead." The petition can not be sustained as purely a bill of strict interpleader. In such a case the petitioner must be an indifferent stakeholder, without interest in the subject-matter. *Adams* v. *Dixon,* 19 *Ga.* 513 (65 Am. D. 608); *Little* v. *Green,* 140 *Ga.* 212 (78 S. E. 842); *Manufacturers Finance Co.* v. *Jones Co.,* 141 *Ga.* 619, 621 (81 S. E. 1033); 15 R. C. L. 226, § 8; 33 C. J. 453, § 37. The petitioner alleges that he is "simply a trustee for said estate, having no personal interest therein." He files the petition, however, as the duly appointed and qualified executor of Thomas Giles. "An executor has such an interest in property which came to his hands as executor, and for which he is sued by a person claiming it by title paramount to that of testator, as precludes him from calling on parties claiming under the will, to interplead with the plaintiff; he is bound to defend." *Adams* v. *Dixon,* supra. The facts in that case are almost identical with the facts in the present case. In that case the executor of an estate had been sued in trover for certain personal property, which was claimed, on the one hand, by the executor of a former wife of petitioner's testator, under an antenuptial contract, and on the other hand by certain legatees, under the provisions of the will. In the opinion it was said: "To entitle a person to a bill of interpleader, he must be in a position in which he is liable to one of two or more persons, who claim from him the same debt or duty; and he claims no right in opposition to the claimants or either of them; and he does not know to whom he ought, of right, to render the debt or duty. In such case he may generally call on the parties to interplead, that the court may judge between them, and he be protected. He must be a party entirely indifferent between them. . . The complainant, as executor, owes no debt or duty to Dickson, administrator of Elizabeth Fielding; he is not without interest in the suit instituted by Dickson as ad-

ministrator; he is the proper person to defend the action, and he is bound to do it. He can not, by a bill of interpleader, call on legatees, whose interest it is his duty to protect, to assume the burdens of litigation which his office of executor imposes on him. For certain purposes, the title of the property is in him. . . The interposition of a court of chancery is not necessary to the ample protection of the complainant. If he commits no devastavit by making a faithless or merely colorable defence to the action at law, and the property should be recovered from him, the judgment recovered on title paramount to testator's title will protect him. The pendency of the action for the property will be sufficient to suspend any suit that the legatees may institute against him. The suit is upon the legal title, and the complainant must defend himself as well as he can at law. In a case of this sort the court will not assume the right to try the legal title. (Story's Equity Ju. sect. 820). To sustain this bill would be to protract the litigation between the parties, transfer from a court of law, the appropriate jurisdiction, to a court of chancery, the trial of a mere legal title, and add to the expenses of the parties, without giving the complainant a surer protection than a judgment at law would afford him." As an executor he is in duty bound to administer the property in his hands belonging to the estate of his testator according to the terms of the will.

The next question is whether or not the petition sets out a cause of action, if construed as a petition in the nature of interpleader. "A bill in the nature of a bill of interpleader is distinguished from a bill of interpleader proper, in that there are grounds of equitable jurisdiction other than the mere right to compel defendants to interplead, and complainant may seek some affirmative equitable relief. A bill in the nature of a bill of interpleader will lie by a party in interest, to ascertain and establish his own rights, where there are other conflicting rights between third persons. The interest of a plaintiff in a bill in the nature of interpleader must not be an interest which he hopes or expects to acquire as a result of the litigation, but be a subsisting, vested, equitable interest. The bill can not be maintained where plaintiff alleges that neither of defendants has any right or title to, or any interest in, the subject-matter of the action, nor unless the relief sought is equitable relief." 33 C. J. 423, § 6; 5 Pomeroy's Eq. Jur. § 60; *McKinney*

v. *Daniels,* 135 *Ga.* 157, 159 (68 S. E. 1095) ; *Jones* v. *Nisbet,* 165 *Ga.* 826, 835 (142 S. E. 164). In such case the petitioner must show that his interest can only be protected by resort to equity, and that affirmative equitable relief may be granted under the facts alleged. No affirmative equitable relief is sought by the petitioner. In fact no suit has been brought against him. The executor acting in good faith as to the title is bound to hold the property until recovered in a suit brought by the adversary claimants. No suit has been brought, hence no multiplicity of suits, which has sometimes authorized such an action. *Fleming* v. *Blosser Printing Co.,* 118 *Ga.* 86 (44 S. E. 805) ; *Ben Hill County* v. *Massachusetts Bonding & Insurance Co.,* 144 *Ga.* 325 (87 S. E. 15). No such allegations appear in this case.

In some jurisdictions neither interpleader nor a bill in the nature of interpleader will lie where the property held and the claims to which are sought to be adjudicated is real estate. In this State, while there is an intimation in *Sleed* v. *Savage,* 115 *Ga.* 97, 102 (41 S. E. 272), that in some cases claims to real estate will be thus adjudicated, the question is not conclusively settled. In that case the court said: "While the language of the section of the code above quoted [Civil Code (1910), § 5471] as well as the language of the text-writers just cited, on the subject of the right to compel an interpleader, seems to indicate that this right is applicable only in cases where the person calling for the interpleader is in possession of a chattel or other personal property, and the greater number of cases on the subject of when an interpleader is allowed are cases dealing with that class of property, still the equitable principle at the foundation of the right to compel an interpleader has been at least tacitly recognized as applicable where one has vested in him the legal title to land but admits that he holds the same, not in his own right, but in behalf of some other person, and there are two or more persons claiming the property." The discussion concluded in these words: "The mere fact that land is the subject of the present controversy, it seems, would not alone prevent the receiver from filing a petition in the nature of a bill of interpleader, *if he were otherwise entitled to equitable relief of this character.*" (Italics ours.) That, however, was not a unanimous decision, two Justices being absent.

Since the petition can not be sustained under the Civil Code,

§ 4597, or under § 5471, either as a bill of strict interpleader or as one in the nature of an interpleader, and since no other basis for the petition has been suggested in the brief of counsel, and none appears to the court, it necessarily follows that the judgment overruling the general demurrer to the petition must be reversed. This ruling controls and determines the entire case, because, when the court erred in overruling the demurrer to the petition, all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*