TRUST COMPANY OF GEORGIA, executor, *v.* FAUSS.

No. 14426.   MARCH 11, 1943.

612

614

*Scott, Dunaway, Riley & Wiggins,* for plaintiff. ·
*Walter McElreath,* for defendant.

ATKINSON, Justice. The petition in the instant case is not authorized under the Code, § 37-404. The contest is restricted to the issue whether or not the fund on deposit was a part of the estate of William A. Fauss, deceased. If the fund on deposit was not a part of the estate, the executor had no right to claim it. If the bank account belonged to the estate, it necessarily follows that Mrs. Fauss had no title to the fund on deposit. Mrs. Fauss is not claiming under the will of her husband. On the contrary her claim is altogether antagonistic to that will, and· she is claiming under a contract that she and her husband entered into with the bank. Therefore the issue presents none of the questions included within the Code, § 37-404, where it is declared: "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution." This is not such a case. The allegations do not show difficulty "in construing" the will of Fauss, or "in ascertaining the persons entitled," that is, under the will; or "in determining under what law property should be divided," that is, divided under the provisions of the will; or "in distributing assets," that is, under the terms of the will of William A. Fauss. The will under consideration makes no reference to the bank account in question. In item 12 the testator said: "In making the provisions I have made in this will for my wife, . . I have taken into consideration the fact she will receive several thousand dollars in cash, as well as additional income, from life insurance and annuities payable directly to her," thus clearly showing that whatever right Mrs. Fauss had to the bank account was not derived under the will. Her insistence is that her husband knew at the time of making his will that the cash on deposit would belong to her, and that the same was not otherwise bequeathed by the will. As the whole controversy was as to whether title to the bank account was in the estate of Fauss on the one hand, or in Mrs. Fauss, the petition properly

construed does not seek a construction of the will. *Phillips* v. *Kelly,* 176 *Ga.* 111 (167 S. E. 281).

The Code, § 37-403, declares: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." As indicated above, this is not a case for construction and direction. Does the petition show a case for marshaling the assets under the Code, § 37-405? No facts are alleged showing "legal difficulties" have arisen "as to the distribution of assets in payment of debts," nor do the allegations show this to be a case where, "from any circumstances, the ordinary process of law would interfere with the due administration, without fault on the part of the representative of the estate." *Adams* v. *Dixon,* 19 *Ga.* 513 (4) 516 (65 Am. D. 608). The character of an action is to be determined by the nature of the allegations and prayers, and not by what it is denominated by the litigants. Measured by this rule, the petition did not make a proper case involving the construction of a will, or for the marshaling of assets, within the provision relating to the jurisdiction of equity cases. The plaintiff has an adequate remedy at law. The petition does not present any question for equitable relief, either as a petition for the construction of a will or for marshaling assets. Accordingly, without passing on the legal propositions dealt with by the court below, the judgment is reversed, not because of any improper construction of such legal propositions, but because the court of equity was unauthorized to grant equitable relief when no proper case for equitable relief was presented.

*Judgment reversed. All the Justices concur, except Bell, P. J., and Duckworth, J., who dissent.*

REID, C. J., and GRICE, J., concurring specially. In effect, all the relief sought is for a declaratory judgment as to the ownership of funds not in the hands of either the plaintiff or the defendant. It presents but one abstract question, a decision on which would be without practical effect, and in that sense it is moot. See Brown County Life Insurance Co. *v.* Hagins (Tex. Civ. App.), 110 S. W. 2d, 1162, 1163, and citations under the title "moot case," in 27 Words & Phrases, 536, 537. It seems to us that a cause of this

character should not be reviewed, even though no demurrer raising these objections was filed. Where the court is without the power to render a judgment or grant relief such as would be represented in a declaratory judgment; the reviewing court should neither sanction nor disapprove a judgment on the merits, but should reverse the judgment, with direction that the petition be dismissed, just as if the question were in a strict sense jurisdictional.