37569. MEADOWS *et al.*, Commissioners *v.* PITTS.

TOWNSEND, Judge. 1. Under the decisions in *Woodside* v. *City of Atlanta*, 214 *Ga.* 75 (103 S. E. 2d 108) and *State Highway Dept.* v. *Wilson*, 98 *Ga. App.* 619 (106 S. E. 2d 544) the trial court did not err in dismissing the appeal of the condemnor to a jury in this condemnation proceeding for the reason that the appellant did not first pay or tender into court the value of the property as fixed by the appraisers.

2. It is not necessary to consider here whether the above ruling would be controlling in a case where it conclusively appears from the record in the condemnation proceedings, as shown from the judgment in an equitable case pending simultaneously therewith in the same court and relied upon as res judicata in the condemnation case, that the defendant in error has no right, title or interest in the land sought to be condemned and has not been damaged by the taking. The facts in this record make no such case. After the condemnation proceedings were commenced and the defendant in error, Mrs. W. H. Pitts, had been served as a defendant therein, she being alleged to be the owner of property adjoining that sought to be condemned, she filed an equity suit, the prayers of which were for temporary and permanent injunction to prevent the plaintiffs in error from taking or interfering with her property (being the property sought to be condemned), from using, going upon, molesting or trespassing thereon, and also from

going upon her property adjacent thereto. Equity cases are to be determined both by the pleadings and the prayers for relief. "An equitable petition which contains a prayer for specific relief and for general relief will not, under the prayer for general relief, authorize the grant of any relief which is not germane to the prayer for specific relief. *Schmitt* v. *Schneider,* 109 *Ga.* 628, 632 (35 S. E. 145)." *Phillips* v. *Kelly,* 176 *Ga.* 111, 113 (167 S. E. 281). The equity petition here, considered in connection with its prayers, sought no decree of title to the land in question in favor of the condemnee but sought simply to enjoin the condemnation proceedings. Upon the trial of that case the jury found in favor of the defendants, thus in effect holding that there was no cause to enjoin prosecution of the condemnation proceedings. The decision was not res judicata as to the issue of whether or not the condemnee owned title to the land sought to be condemned. Nor does it constitute an estoppel by judgment, which applies "only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined." *Anderson* v. *Black,* 199 *Ga.* 59, 64 (33 S. E. 2d 298, 158 A.L.R. 354); *Sumner* v. *Sumner,* 186 *Ga.* 390(2) (197 S. E. 833). The equity suit only incidentally, as an adjunct to the case attempted to be made to enjoin an alleged trespass, involved title to land. The jury verdict was not an adjudication that the condemnee had no rights in the land sought to be condemned, but only that she was not entitled to have the condemnation proceedings permanently enjoined. Mrs. Pitts appeared and defended in the condemnation proceedings and obtained an award by the assessors for both direct and consequential damages, the latter offset to some extent by consequential benefits. The award is, upon its face, valid. If it was erroneous for any reason, the condemnors had the right to appeal, but only on complying with the conditions precedent to make their appeal good. This latter they failed to do. The trial court did not err in dismissing the appeal.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MARCH 9, 1959.

*Eugene B. Brown, Walter B. Fincher,* for plaintiffs in error.
*S. C. Boykin, D. S. Strickland,* contra.